New-London, July, 1829.

Thames Manufacturing Co. v. Lathrop.

THE THAMES MANUFACTURING COMPANY *against* LATHROP and others.

As the power of taxation is derived exclusively from statutory provision, the requirements of the law must be strictly complied with.

Therefore, where the assessors, in the year 1827, omitted to lodge an abstract of the assessment lists in the town-clerk's office, by the 1st day of *December* in that year, though they lodged it on the 20th of that month, ten days before the meeting of the board of relief; it was held, that such assessment lists, by reason of such omission, were invalid, and no tax could be lawfully laid and collected thereon.

To a statute explicitly retrospective, to a certain extent, and for a certain purpose, the court will not, by construction, give a retroactive operation, to any greater extent, or for any other purpose.

Therefore, where it was provided, by a legislative act, that " in all cases in which the assessors in any town had theretofore omitted to lodge an abstract of the assessment lists of such town in the town-clerk's office, by the 1st day of *December*, such assessment lists should not, for such cause, be considered or adjudged void; but all taxes, which had been theretofore, or should be thereafter, laid and imposed according to such assessment lists, might, notwithstanding, be levied and collected ;" it was held, that although such act might have effect so as to authorize the levy and collection of taxes previously laid on assessment lists thus defective, which *had not*, at the time of its enactment, *been levied and collected*, it could not be extended, by construction, so as to affect a suit, previously brought and then pending, against the select-men of a town, for the taking of property, under a warrant from them, to satisfy a tax, laid on such defective assessment lists.

Though a ministerial officer is protected, while acting within legal authority ; yet if the select-men of a town make out a rate-bill on assessments, which are illegal and void, and cause a warrant to be issued thereon, they are responsible to those whose property is taken under such warrant ; and the injury being immediate, *trespass* is the proper remedy.

THIS was an action of trespass *de bonis asportatis*, tried at Norwich, January term 1829, before *Hosmer*, Ch. J.

The following are the material facts in the case. The town of *Bozrah* voted a tax upon the list of 1827. A list of assessments was duly made out ; but an abstract of it was not left with the town-clerk until the 20th of *December*, 1827. After the 1st day of that month, the plaintiffs repeatedly called at the town-clerk's office to inspect their list ; but the abstract was not there. The board of relief, after having given ten days public notice pursuant to law, met on the last *Monday* of *December ;* but the plaintiffs did not attend, nor apply to the board for relief against the assessment. The defendants, who were the select-men of *Bozrah,* procured a rate-bill to be made out on such list of assessments, in which rate-bill the plaintiffs were

included, and the sum of 65 dollars, 85 cents, was specified, as <span>New-London, July, 1829.</span> the tax payable by them. They likewise obtained a warrant for the collection of the taxes comprised in the rate-bill, and <span>Thames Manufacturing Co. v. Lathrop.</span> delivered it to the collector, with direction to collect the taxes therein specified; and by virtue of this warrant, the collector took the goods of the plaintiffs and sold them.

The plaintiffs contended, that the tax was illegal, for the omission of the assessors, to leave an abstract of the assessment lists with the town-clerk, by the 1st of *December ;* that consequently, the warrant was unauthorized, and constituted no justification to the defendants; and that as the collector acted by their authority, they were made trespassers. The defendants resisted these positions. The Chief Justice instructed the jury, that the act of the collector, if done by the procurement of the defendants, was in law, their act; that it was unwarranted, by reason of the invalidity of the tax, the assessment list not having been returned to the town-clerk's office by the 1st of *December ;* and that the levy on the plaintiffs' goods, by the defendants' command, was a trespass for which they were responsible.

The jury returned a verdict for the plaintiffs; and the defendants moved for a new trial for a misdirection.

*Isham* and *Hill,* in support of the motion, contended, 1. That the assessment was not rendered void and the tax illegal, as the law then was, by the omission of the assessors to lodge an abstract of the assessments in the town-clerk's office by the 1st of *December.* Here it is to be observed, in the first place, that the *object* of the law was satisfied; its *spirit* was complied with; for the abstract was returned to the town-clerk's office ten days before the meeting of the board of relief; and the plaintiffs had ample opportunity to examine it, for the purpose of applying for relief. It also operated as a check on the assessors as much as though it had been returned by the 1st of the month. In the next place, the statute does not declare, that the assessment shall be void, if the abstract is not left by the time specified. It is merely *directory* to the assessors, declaring it to be their *duty* to take this step in the course of their proceedings. *Stat.* 445. *tit.* 100. *c.* 1. *s.* 1. It is not necessary to declare the assessment void and the tax illegal, in order to compel the assessors to do their duty; for the same statute (*p.* 450. *s.* 13.) has provided, that if any assessor shall refuse

New-London, to perform the duties of his office, he shall forfeit to the town
July, 1829. treasury the sum of 30 dollars. The statute, in terms equally
Thames Man- imperative, requires the town-clerk to transmit to the comp-
ufacturing Co. troller an abstract of the lists, by the 1st day of *March* in each
Lathrop. year; but if this is not done, may it not be returned after-
wards, and may not a tax then be lawfully laid and collected
on such assessment lists?

2. That if there was any infirmity attending this assessment,
previous to the act of 1829, it was healed by that act.(a)    In
the most explicit terms, it extends to all cases in which the
assessors *had theretofore* omitted to lodge an abstract of the
assessment lists in the town-clerk's office, by the 1st day of
*December* in any year; and declares, that such assessment lists
shall not, for such cause, be considered void. If this is a valid
act, there is no escape from the conclusion, that the assessment
list in question is not void. The defendants do not call upon
the court to give a retroactive effect to this law, *by construc-
tion;* for there is no room for construction. This case comes
within the rule established in *Goshen* v. *Stonington,* 4 *Conn.
Rep.* 209. It is explicitly retrospective; it is not unjust or
unreasonable; and is eminently conducive to the general good,
by preventing wide-spread mischief. This rule has been re-
peatedly recognized since; and is now to be regarded as set-
tled law. *Mather* v. *Chapman* & al. 6 *Conn. Rep.* 54. *Beach*
& al. v. *Walker,* 6 *Conn. Rep.* 190.

3. That if the assessment list was void, still the defendants,
the *select-men* of the town, were *not liable in trespass.* They
act *ministerially,* and cannot be liable for any act done in pur-
suance of their duty. 1 *Swift's Dig.* 529. *Badkin* v. *Powell*
& al. *Cowp.* 476. 479. Where an officer only does what be-

(a) The act referred to was approved *June* 5th, 1829, and is in these
words: "That in all cases in which the assessors in any of the towns in this
state, have heretofore neglected or omitted to sign or return an abstract of
the assessment lists of their respective towns by them made, and to lodge the
same in the town-clerk's office of said towns, by the first day of *December* in
any year; and in all cases in which said assessors have heretofore neglected
or omitted to fill out lists at three-fold the rate *per cent.* or amount of the
same, as by law required; and in all cases in which said assessors, or the
members of the board of relief, in said towns, have neglected or omitted to
take the oath prescribed by law; such assessment lists shall not, for such
causes, be considered or adjudged void; but all taxes which have been here-
tofore, or shall be hereafter laid and imposed according to such assessment
lists, may, notwithstanding, be levied and collected."

longs to his office, he shall not be liable for any precedent tortious act, of which he could know nothing. 2 *Jones* 214. cited by *Aston,* J. *Cowp.* 479. If a person is taxed for more than he ought to be, through error of the assessors, where they have authority to assess some taxes, it is clear, that he cannot maintain trespass, but must pursue the statute remedy. If, in this case, any persons are liable, it must be the *assessors ;* and they can be sued only in *case.* The statute makes the act of lodging the abstract in question with the town-clerk *their* duty ; and if the plaintiffs have sustained any injury, it has resulted from the neglect of this duty.

The decisions in *Massachusetts* cannot govern this case ; because the laws of that state and of this, in relation to this subject, are very different. There, the assessors make the assessment and grant the warrant.

*H. Strong* and *J. W. Huntington,* contra, insisted, 1. That the tax was not, at the time, legally laid ; and no warrant could lawfully issue to collect it. The right to take a man's property from him, by way of taxation, is created and regulated by the positive provisions of statutory law ; and if those provisions are not strictly complied with, the right fails. If a single step in the prescribed course, be omitted ; and that step, too, be one of which neither the necessity nor the use is apparent ; it is not for a court of law to say, that it may be dispensed with. But the provision of the statute requiring an abstract of the assessment lists to be lodged in the town-clerk's office, by the 1st of *December,* is of manifest importance. It operates as a salutary check upon the assessors ; and it is necessary to give notice of the assessments to the persons assessed, that in case they are aggrieved thereby, they may make the proper application for relief. And the *time* prescribed is material, because no person is bound to make enquiry *after* that time. The legislature manifestly intended to hold those concerned in laying a tax to a *strict* compliance with the requirements of law. By the last section of the act providing for the assessment of taxes, it is declared, that "the assessment list in each town, *as the same shall be annually made and corrected by the assessors and board of relief, according to the provisions of this act,* shall be the rule" of taxation. *Stat.* 450. *tit.* 100. *c.* 1. *s.* 14. By the 14th section of the act providing for the collection of taxes, the select-men are to make out a rate-bill " containing the pro-

*New-London, July, 1829.*

Thames Manufacturing Co. *v.* Lathrop.

portion of each individual to pay, according to the list *made and completed according to law.*"

2. That the proceedings in question were not validated and the tax legalized, by the act of *May* session 1829. If this act is susceptible of a construction, which will not make it operate retrospectively, such construction will, unquestionably, be given to it. Now, take the whole act together, it is apparent, that the legislature did not intend to affect suits previously commenced and pending in relation to taxes already levied and collected. It was in fact, and was intended to be, a *confirming* act. The legislature intended to heal the infirmities of former assessment lists—*to a certain extent*, or *for a certain purpose*,—viz. to authorize the future levy and collection of taxes thereon. The act comprises but one sentence ; and the full meaning is not brought out until the last clause, which qualifies and limits all that precedes it.—" Such assessment lists shall not, for such causes, be considered or adjudged void ; but all taxes which have been heretofore, or shall be hereafter, laid and imposed according to such assessment lists, *may be levied and collected.*" The substance of the enactment is this—and merely this—that such assessment lists shall not be considered or adjudged void *so as to prevent the future levy and collection of the taxes* laid according to such assessment lists. Thus far the legislature have gone. To consider the proceedings as valid *ab initio, to all intents and purposes*, so as to affect suits previously commenced relative to taxes *already levied and collected*, would be to give the act a retrospective effect, *by construction*. *Couch* q. t. v. *Jeffries*, 4 *Burr*. 2460. *Dash* v. *Van Kleeck*, 7 *Johns. Rep.* 477. *Goshen* v. *Stonington*, 4 *Conn. Rep.* 220.

3. That the defendants are *liable* for the acts of the collector, done by their order, on the familiar principle, *Qui facit per alium, facit per se.* 1 *Swift's Dig.* 547. *Stetson* v. *Kempton* & al. 13 *Mass. Rep.* 272. the principle of which is applicable to the present case, because the assessors in *Massachusetts*, in relation to this subject, do the duty of our selectmen.

4. That *trespass*, and not case, is the proper remedy. *Agry* v. *Young*, & al. 11 *Mass. Rep.* 220. Lord *Amherst* v. Lord *Somers* & al. 2 *Term Rep.* 372. *Williams* v. *Brace*, 5 *Conn. Rep.* 190.

**Hosmer, Ch. J.** The first enquiry regards the validity of the tax.

*Nw-London,*
*July, 1829.*

Thames Man-
ufacturing Co
*v.*
Lathrop.

A general statute applicable to all our towns, has been made for the assessment of taxes. *Stat.* 444.

By this law, assessors are to be chosen, whose duty it is to receive the lists of all the inhabitants; and having perfected them, by adding property omitted, by valuation of the items, and by the requisite assessments, to return an abstract of the lists to the town-clerk, on or before the 1st of *December* in each year. The lists and valuations the town-clerk is directed to submit, when requested, to the inspection of every person liable to pay taxes.

A board of relief is constituted, to hear appeals from the doings of the assessors; and having given not less than ten days notice, they are to meet, on or before the first *Monday* of *January* in each year, to determine the appeals made to them. The assessment list, as annually made and corrected, is the rule for the apportionment of taxes to individuals.

From this view of the law, it appears to be a positive provision, that the lists shall be returned to the office of the town-clerk, on or before the 1st of *December* in each year. This direction is imperative, and is alone alterable by the legislature. The court must take the law as they find it, and cannot say, that a return after the 1st of *December* is valid, unless they assume the character of law-makers.

The reason of this legislative provision, is very apparent. It is for the general benefit of every inhabitant of our towns, that each may inspect the list of his estate, and if he believes that injustice is done him, that he may appeal for its correction, to the board of review. That a time for the return of the lists should be limited, the general convenience demands; and that it should be sufficiently early, for universal inspection, and preparation for a future hearing before the board of review, is perfectly obvious. On this principle, the legislature appointed the 1st of *December*, as the ultimate period of the return. This branch of the law is as imperative and as unchangeable by the court, as any other; and were it within their competency, it would be difficult to assign a period more reasonable.

That the return should punctually be made, is indispensable. A different principle would nullify the law, and produce the general inconvenience arising from an unlimited return. No

*New-London,* person, in such case, could know, when he might inspect his
July, 1829. list ; and if the return was late, no time either for reflection,

Thames Man- or preparation for a review, could be had.
ufacturing Co.
*v.*    If the legislature, in a charter of incorporation, had author-
Lathrop. ized the laying of taxes upon lists returned to a public office
at a specified time, the necessity of a strict observance of the
limitation would not admit of a question. *Head & Amory* v.
*Providence Insurance Company,* 2 *Cranch* 127. *Broughton
& al.* v. *Manchester and Salford Waterworks,* 3 *Barn. & Ald.*
1. *Slark* v. *Highgate Archway Company,* 5 *Taun.* 792. *New
York Firemen Insurance Company* v. *Ely & Parsons,* 5 *Conn.
Rep.* 560. The case before us, is strictly analogous to the one
supposed. The general law is an enabling act to all our
towns ; it has prescribed the subjects of taxation, and the
mode ; and as there is no authority to tax, except what is con-
ferred by the law, it must be strictly observed.

It has been enquired, whether the returns of the abstract
of the lists, by the town-clerk, to the comptroller, must be by
the 1st of *March* in each year, according to the provision of
the act in question ; and if not, whether the legislature are
precluded from laying taxes upon the assessment list. Un-
questionably, they are not. The case put, and the one under
discussion, are, in no respect, analogous. The abstract assess-
ment lists of the towns, must be strictly returned to the town-
clerks, or there is no legal assessment ; but if a town-clerk
does not return to the comptroller, an abstract of the assess-
ment lists, pursuant to the provision of law, the lists are not
invalidated, but *he* is subjected to a penalty.

The omission to return an abstract of the assessment lists
to the town-clerk of *Bozrah,* was a fatal error. It follows, that
no legal assessment was made ; and of consequence, that there
was no rule for the apportioning of taxes.

2. By an act of the General Assembly, passed *May* session,
1829, (*Stat. vol.* 2. *p.* 237.) it was provided, that when asses-
sors have neglected or omitted to return an abstract of the as-
sessment lists to the town-clerks, in their respective towns, by
the 1st day of *December,* such lists shall not be adjudged void ;
but that all taxes laid upon them, may be levied and collected.
It has been argued, that this law cures the difficulty, in the
present case ; but the error of the supposition is obvious. The
act relates exclusively to taxes *not levied or collected.* It can-
not be affirmed, that the case before us, is within the terms of

the act.   It is said, however, that it is within the reason of it ; *New-London,*
and that the law ought to have a retrospective construction. *July, 1829.*
But to this it is a conclusive reply, that acts of the legislature, Thames Man-
although in certain cases an explicit provision may retrospect, ufacturing Co.
by construction, can never have given to them a retrospective      Lathrop.
operation.   *Dash* v. *Van Kleeck, 7 Johns. Rep.* 477. *Goshen*
v. *Stonington,* 4 *Conn. Rep.* 220.   Where a new rule of law
is declared, it never looks backwards, unless it is so enacted
in the most unequivocal manner.

It is clear, then, that the act of *May* session, 1829, has not
healed the infirmity of this case.

3. The assessment being invalid, and not helped by the late
law, it has become a third enquiry ; whether the defendants
are liable in trespass, for the act done by their command.

In their behalf, it has been said, that they acted in pursuance
of their legal duty ; for that the law (*Stat.* 454. § 14.) has
imposed on them the burden of making out rate-bills, and pro-
curing warrants, for the collection of taxes.   The true con-
struction of the act in question, is, that the select-men are en-
joined to make out rate-bills, on legal assessments.   But if an
assessment is illegal and void, it would be absurd to consider
the law, as requiring of the select-men to cause a rate-bill to
be made upon it, and a warrant to be issued for its enforce-
ment.   A void assessment renders the warrant upon it equally
void ; and both together constitute no justification to the act-
ors in the illegal proceeding.   *Stetson* v. *Kempton* & al. 13
*Mass. Rep.* 272. 282.   The act of the collector, in taking the
plaintiffs' property, in contemplation of law, was the act of
the defendants, who commanded it ; and although the collec-
tor was justified, by his warrant, (*Stetson* v. *Kempton* & al. 13
*Mass. Rep.* 272.) yet the defendants have no justification.

There is no other rule than this, that a ministerial officer(and
certainly, in this case, the defendants rank no higher,) is pro-
tected while acting within legal authority.   1 *Sw. Dig.* 547.
Even a pound-keeper, who is obliged to take what is brought
to pound, at the peril of the person who brings it, "if he goes
one jot beyond his duty, and assents to a trespass," becomes a
trespasser.   *Baldwin* v. *Powel, Cowp,* 478.

An illegal and void assessment is no assessment at all ; it is
a nullity ; and authorises no person to act under or enforce it.
Lord *Amherst* v. Lord *Somers* & al. 2 *Term Rep.* 372. *Cole-*
*man* v. *Anderson,* 10 *Mass. Rep.* 17.   *Agry* v. *Young,* 11

*Mass. Rep.* 220.   *Stetson* v. *Kempton,* 13 *Mass. Rep.* 282. *Lilly* v. *Burnham,* 15 *Mass. Rep.* 144.   The principle was settled, by this Court, in *Williams* v. *Brace,* 5 *Conn. Rep.* 190. The injury complained of was *immediate,* and not consequential ; and hence, *trespass* is the proper remedy.   *Gates* v. *Miles,* 3 *Conn. Rep.* 64.

On the whole, the determination at the circuit was manifestly correct, and no new trial is by me advised.

The other Judges were of the same opinion.

New trial not to be granted.