AMELIA GUMPPER *vs.* THE WATERBURY TRACTION
COMPANY.

Third Judicial District, Bridgeport. October Term, 1896.  ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Chapter 176 of the Public Acts of 1895 provides that no action for damages
    for personal injury caused by negligence shall be maintained against
    any electric, cable, horse, or steam railroad company, unless a written
    notice of the injury and of the time, place and cause of its occurrence,
    shall have been given the company within four months after the neglect
    complained of; and that the notice, for injuries occurring " prior to the
    passage of this Act," may be given within four months after it takes
    effect.   The Act was passed on June 1st and took effect on August 1st,
    1895, and the plaintiff's injury was received on June 8th, 1895.   On
    demurrer to the complaint for its failure to aver the giving of the statu-
    tory notice, it was *held* that in view of the well settled rules of con-
    struction, the statute ought not to receive a greater retroactive effect
    than its terms, either expressly or by clear implication, required; and
    that so construed it did not require any notice to be given in cases of
    injury occurring between the date of the passage of the Act and the
    time it took effect.

    [Submitted on briefs, October 27th—decided December 22d, 1896.]

ACTION to recover damages for personal injuries caused by
the alleged negligence of the defendant, brought to the Supe-
rior Court in New Haven county and tried to the court,
*Prentice, J.,* upon the defendant's demurrer to the complaint;
the court sustained the demurrer and rendered judgment for
the defendant, and the plaintiff appealed for alleged errors
in the rulings of the court.   *Error and new trial granted.*
   The case is sufficiently stated in the opinion.

   *Charles G. Root* and *Terrence F. Carmody,* for the appel-
lant (plaintiff).

   *George E. Terry* and *Nathaniel R. Bronson,* for the appellee
(defendant).

   TORRANCE, J.   The statute (Chap. 176 of the Public Acts
of 1895) provides that " no suit or action for damages on

account of injury to, or death of, any person caused by negligence shall be maintained against any electric, cable, horse, or steam railroad company, unless written notice of a claim therefor, giving a general description of such injury and the time, place, and cause of its occurrence, as nearly as the same can be ascertained, shall have been given to the defendant company within four months after the neglect complained of." The second section of the Act provides as follows: "Notice for any claim for damages occurring prior to the passage of this Act may be given within four months after this Act shall take effect." The Act was approved June 1st, 1895, and took effect on the 1st of August, following. (Chap. 292 of the Public Acts of 1895).

The case at bar is an action against an electric street railway company for damages on account of an injury to the plaintiff occurring on the 8th of June, 1895, caused, as it is alleged, by the carelessness and negligence of said company in running one of its cars against the wagon of the plaintiff in which she was traveling on the highway. The suit was brought after August 1st, 1895, and consequently after the Act aforesaid went into effect, and the complaint contains no allegation that the notice required by that Act was given to the defendant. The defendant demurred to the complaint "because there is no allegation therein contained that notice was given to the defendant of the time, place and nature of said accident, as by law required." The court below sustained the demurrer and thereupon rendered judgment for the defendant, and from that judgment the present appeal is taken.

The plaintiff claims that this case is not within the statute, and that the court below erred in holding (1) that an allegation of notice was necessary, (2) that notice was necessary. If the case is not within the statute, then clearly no notice under the statute was required; and if none was required, none need be alleged in the complaint. The question, then, whether notice was necessary is the first question to be considered; for if it was not, the other question is of no importance here.

This Act took effect and became operative on the 1st of August, 1895, and not before, and it speaks from, and should be construed as if passed on, that day, and ordered to take immediate effect.   Up to the moment that it went into effect, the plaintiff had the right to bring her suit for damages without giving the defendant any prior notice of her claim for such damages; and if her suit, so brought, had been pending when the Act took effect, it would not have been in any way affected thereby; for though the language of the Act is that no such suit or action "shall be maintained" unless " written notice . . . shall have been given," it is clear, taking the Act as a whole, that this has reference, not to suits of this kind pending when the Act became operative, but only to suits thereafter to be brought.  " Men both in and out of the profession often speak of maintaining an action, having reference to one yet to be instituted;" PARDEE, J., in *Smith* v. *Lyon,* 44 Conn. 175, 178.   And it is in this sense we think that the word " maintained " is used in this Act.

The Act, in terms at least, applies (1) to all future cases of injury of the kind described in it; and (2) to all past cases of this kind which occurred prior to June 1st, 1895. In the former class the statutory notice is required by the express terms of the Act, while in the latter it is required by clear implication, and in this last class the notice may be given at any time within four months after the Act takes effect.   The Act thus expressly or by implication covers all cases of injury of this kind, past or future, except those occurring between June 1st, 1895, and August 1st, 1895. These last are not covered expressly, nor do we think they are by any necessary implication.   It seems to be a case of omission which cannot well be supplied by construction.

" One of the firmly established canons for the interpretation of statutes declares that all laws are to commence in the future and operate prospectively, and are to be considered as furnishing a rule for future cases only, unless they contain language unequivocally and certainly embracing past transactions.   The rule is one of such obvious conven-

ience and justice as to call for jealous care on the part of the court to protect and preserve it. Retroaction should never be allowed to a statute unless it is required by the express command of the legislature or by an unavoidable implication arising from the necessity of adopting such a construction in order to give full effect to all its provisions." *Smith* v. *Lyon*, 44 Conn. 175–178. "Where a new rule of law is declared, it never looks backwards, unless it is so enacted in the most unequivocal manner." *Thames Mfg. Co.* v. *Lathrop*, 7 Conn. 550, 557. To the same general effect are the cases of *Plumb* v. *Sawyer*, 21 id. 351; *Shay's Appeal from Probate*, 51 id. 162; *Middletown* v. *R. R. Co.*, 62 id. 492; *Chew Heong* v. *U. S.*, 112 U. S. 536, and many others that might be cited. Furthermore, if a statute is expressly or by clear implication made retroactive to a certain extent or for a certain purpose, as is true in case of the statute under consideration, the courts will not by construction give to it a retroactive operation to any greater extent or for any other purpose. *Thames Mfg. Co.* v. *Lathrop*, *supra*; *Reid* v. *Reid*, L. R. 31 Ch. Div. 402.

In the case at bar the Act in question manifestly affected to a certain extent rights which were vested rights when it took effect; for it imposed a new duty in respect to a past transaction as a condition to the enforcement of the right; and in such cases, where rights previously vested may be injuriously affected, courts uniformly refuse to give to statutes a retrospective operation, "unless compelled to do so by language so clear and positive as to leave no room to doubt that such was the intention of the legislature." *Chew Heong* v. *U. S.*, *supra*.

Assuming then, for the purposes of the argument, that the legislature had the power to pass this Act (a question not involved in this case) and to give it a retrospective effect, it has plainly limited that retrospective effect, and the courts are not at liberty to enlarge that effect by construction. To do so in this case would be to violate the plainest rules of interpretation and construction, without excuse or justification; for substantially full effect can be

given to the statute without holding it to be applicable to cases like the one at bar.   We are of opinion that the case at bar is not within the statute, and consequently that there is error in the judgment appealed from.

In this opinion the other judges concurred.