### WALTER H. BROWER v. ALICE L. BROWER

SUPERIOR COURT    FAIRFIELD COUNTY    FILE No. 73229

Memorandum filed May 15, 1947.

Nevas & Nevas, of South Norwalk, for the Plaintiff.

Spelke & Zone, of Stamford, for the Defendant.

ALCORN, J. This marriage was contracted in the state of New York and consequently may be annulled by this court if, for any cause, it is void or voidable under New York law. General Statutes, Cum. Sup. 1939, § 1316e; Davis v. Davis, 119 Conn. 194.

Under New York law an action may be maintained to annul a marriage upon the ground that one of the parties was physically incapable of entering into the marriage state, when the in-

capacity continues and is incurable, and the action is commenc-ed before five years have expired since the marriage. N. Y. Civ. Prac. Act, § 1141.

In the present case the defendant is shown to be incapable of entering into the marriage state, that incapacity has continued and is incurable. More than five years have elapsed since the marriage, however.

The New York courts have construed the five- year limitation provided in the statute as a limitation upon the remedy rather than a bar wnich extinguishes the right. Consequently, where the limitation was not pleaded in defense the New York courts have decreed an annulment even though the action was brought after the expiration of the statutory period. *Katz* v. *Katz,* 136 Misc. 377; *McNair* v. *McNair,* 140 App. Div. 226.

In cases where the law of a sister state is an element entering into the decision, a limitation statute has no force at the forum where the remedy only is limited. 3 Beale, Conflict of Laws, § 604.1. On the other hand, where the statute extinguishes the right, the lapse of the statutory period ends the right and no action can be maintained thereafter either in the forum or in the jurisdiction creating the right. 3 Beale, Op. Cit., § 605.1

In view of the construction accorded the statute here involved by the courts of New York, the plaintiff is entitled to the relief sought.

Enter a decree of annulment.