GROTON TOWNHOUSE APARTMENTS *v.*
VIVIAN COVINGTON ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1103

Argued May 17—decided June 11, 1982

*Martin Zeldis,* for the appellants (defendants).

*Thomas B. Wilson,* for the appellee (plaintiff).

PER CURIAM. On May 30, 1980, the plaintiff instituted this three-count summary process action against the defendants seeking possession of premises located at 101 Litton Avenue in Groton. The defendants pleaded the special defense of retaliatory eviction, as defined in General Statutes §§ 47a-20 and 47a-33. After a trial on the merits, the court rendered judgment for the plaintiff to recover immediate possession of the premises. Eight months thereafter, the trial court held all but one of the defendants in contempt for failure to make use and occupancy payments, as previously ordered by the court on June 27, 1980. The defendants have appealed to this court claiming that the court erred by (1) ordering them to vacate the premises when the plaintiff had not adequately proved that their tenancy had been terminated; (2) not finding that their eviction was retaliatory pursuant to General Statutes §§ 47a-20 and 47a-33; (3) refusing to hear testimony relative to the existence of a certificate of occupancy and (4) holding them in contempt for failing to make use and occupancy payments.

After reviewing the record, we find sufficient evidence from which the trial court could conclude that the respective tenancies between the parties had terminated. The defendants had not paid rent; neither were they holding pursuant to a lease agreement nor did they hold superior title to the premises. See *Urban* v. *Prims,* 35 Conn. Sup. 233, 236, 406 A.2d 11 (1979). Simply stated, the defendants were former tenants improperly holding over. 2 Restatement (Second) Property § 14.1. As such, they were

not entitled to possession of the premises. Accordingly, unless the defendants succeed in their claim that the trial court erroneously rejected their special defenses, the judgment of possession for the plaintiff must stand.

General Statutes § 47a-20 provides that "[a] landlord shall not maintain an action or proceeding against a *tenant* to recover possession of a dwelling unit" within six months of certain enumerated actions. (Emphasis added.) Our previous discussion compels us to conclude that the defendants are not "tenants" as that term is defined in § 47a-1 (l), because they are not "entitled under a rental agreement to occupy a dwelling unit to the exclusion of others . . . ." Section 47a-20 prohibits a landlord from evicting those persons who are, at the time of the action, entitled to rightful occupancy. The defendants were not so entitled; accordingly, § 47a-20 is not a defense in this circumstance.

Moreover, after weighing conflicting testimony, the trial court concluded that the plaintiff did not possess the sole motivation, as required by § 47a-33, of bringing suit to retaliate against the defendants' lawful efforts to remedy building conditions. There being no abuse apparent in the exercise of its discretion, we find no error in the trial court's conclusion that the defendants had not satisfactorily maintained their burden of proving the affirmative defense provided for in § 47a-33.

Similarly, we reject the defendants' claim that the trial court wrongfully refused to hear testimony relative to the existence of a certificate of occupancy. Because this claim was not specially pleaded as a special defense, the court was not bound to hear evidence on it. *DuBose* v. *Carabetta,* 161 Conn. 254, 260, 287 A.2d 357 (1971); 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 126 (g).

Finally, we agree with the defendants that the trial court erred by holding them in contempt for failing to pay use and occupancy as ordered by the court. The remedy for noncompliance with § 47a-26b is included within that section and is self-executing. "If the defendant fails to make such payments as ordered, the clerk shall immediately and without the filing of a motion, order the defendant to file his answer and, if he fails to do so within four days of the mailing of such order, judgment shall forthwith be entered for the plaintiff. . . ." General Statutes § 47a-26b. We conclude that the contempt remedy was inappropriate in this circumstance.

There is error in part; the case is remanded with direction to vacate the contempt order.

BIELUCH, COVELLO and F. HENNESSY, Js., participated in this decision.