JAMES MURPHY *v.* SONIA BAEZ

SUPERIOR COURT
JUDICIAL DISTRICT OF STAMFORD-
NORWALK AT NORWALK

HOUSING SESSION
FILE NO. 04078

Memorandum filed March 24, 1986

*Carolyn Richter,* for the plaintiff.
*Connecticut Legal Services,* for the defendant.

WEST, J. The plaintiff brings this summary process action seeking possession of a dwelling unit on the ground that the defendant's rental agreement has expired by lapse of time. The defendant's answer admits the allegations of the plaintiff's complaint but, by way of special defense, the defendant contends that the

plaintiff's action is retaliatory and therefore prohibited by § 47a-20 of the General Statutes.

The allegations of the plaintiff's complaint as admitted by the defendant, indicate that on March 1, 1985, the parties entered into a month to month parol lease of a rental unit known as apartment number 3, 113 North Street, Stamford. The defendant took possession of the premises on that date and on November 20, 1985, the plaintiff caused her to be served with a notice to quit possession on or before December 1, 1985. The reason set out in the notice to quit is expiration of the lease by lapse of time.

After a hearing, the following additional facts are found. On at least two occasions prior to November 8, 1985, the plaintiff informed the defendant, in writing, that he wanted her to vacate the subject premises. The defendant refused to leave and on November 8, 1985, the plaintiff, a landlord for approximately fifteen years and presently the owner of thirty-five rental units, went with three other men to the defendant's apartment. At the time, the defendant was not at home although her brother was in the apartment babysitting. The plaintiff ordered the defendant's brother out of the unit and then caused both entrances to the apartment, which contained many of the defendant's possessions, to be boarded up.

The defendant, upon hearing of the plaintiff's actions, contacted the Stamford police department to complain and, as a result, was restored to her apartment through the police department's efforts. Twelve days later the plaintiff caused the defendant to be served with a notice to quit in the present action.

The defendant maintains that under § 47a-20 of the General Statutes a presumption of retaliation is created in this case because the defendant complained to the

police and was restored to her apartment through their efforts only a short time prior to the commencement of this action.

In pertinent part § 47a-20 of the General Statutes indicates: "A landlord shall not maintain an action or proceeding against a tenant to recover possession of a dwelling unit . . . within six months after: (1) The tenant has in good faith attempted to remedy by any lawful means, including contacting officials of the state or of any . . . city . . . or public agency . . . any condition constituting a violation . . . of any other state statute or regulation . . . ."

The defendant also contends that the presumption may not be rebutted by reasons other than those set forth in § 47a-20a and that the plaintiff has failed to prove that any of those provisions apply in the present case.

Section 47a-20a (a) of the General Statutes in relevant part provides: "(a) Notwithstanding the provisions of Section 47a-20, the landlord may maintain an action to recover possession of the dwelling unit if . . . (4) the landlord seeks to recover possession on the basis of a notice to terminate a periodic tenancy, which notice was given to the tenant before the tenant's complaint."

The plaintiff argues that § 47a-20 does not apply because the phrase "any other state statute or regulation" does not include statutes prohibiting self-help eviction or lockouts. Further, the plaintiff claims that even if the statute were otherwise to apply, in the first instance, the present action is permitted under subdivision four of § 47a-20a (a) of the General Statutes because the plaintiff provided the defendant with notice terminating her tenancy prior to her complaint to the Stamford police.

In the case of *Alteri* v. *Layton,* 35 Conn. Sup. 261, 264, 408 A.2d 18 (1979), the court, in reviewing § 47a-20,

indicated that "the retaliatory eviction defense is not a right given to tenants, but rather a limitation upon the remedies of the landlord" and that the establishment of a prima facie case by a tenant under any one or more of the four subdivisions of the statute gives rise to a presumption of retaliatory action by the landlord. The court in *Alteri* stated further, "[t]he presumption of § 47a-20 is rebuttable, and the landlord is permitted by substantial countervailing evidence to rebut it. *Alteri* v. *Layton,* supra.

It is this court's opinion that the defendant has established a prima facie case under § 47a-20 (1) of the General Statutes thereby giving rise to the presumption that the present summary process action is retaliatory. The court is persuaded to assume this position by the findings that the defendant, in good faith, contacted the Stamford police department in an attempt to remedy lawfully a condition constituting a violation of the General Statutes; namely, her lockout by the landlord and her being served, less than two weeks later, with a notice to quit in the present case. The plaintiff's argument that the statutory phrase "any other state statute or regulation," as used in § 47a-20, was meant to include only health code related legislation assumes a restriction not evident from a clear reading of the statute. The statute is unambiguous and this court, in this instance, is not willing to restrict the breadth of the phrase where such restriction is neither contained in the statute itself nor is necessary to harmonize it with other statutory language. The phrase, "any other state statute or regulation" means just what it says, and as a result, the plaintiff's self-help eviction, being contrary to statute, falls squarely within that phrase.

As indicated above, the presumption afforded by § 47a-20 may be rebutted by substantial countervailing evidence. The landlord "[i]n essence . . . will be required to establish a legitimate interest in the eviction." *Alteri* v. *Layton,* supra. The plaintiff argues that

the presumption in the present case is clearly rebutted because the proscribed act by the landlord was itself an eviction, and as a result, the plaintiff's intent to evict was established prior to the tenant's complaint to the authorities. The defendant, however, contends that the presumption can only be rebutted by proof of one or more of the reasons set out in § 47a-20a of the General Statutes.

While no case cited to the court establishes whether the presumption of § 47a-20 may be rebutted by reasons other than those found in § 47a-20a, the court is of the opinion that the language of § 47a-20a clearly delineates the only grounds for such rebuttal. As a result, the plaintiff's claim, that his unlawful lockout of the defendant established his prior intent to evict and therefore rebuts the statutory presumption of retaliatory eviction, is incorrect.

The plaintiff also argues that prior to the defendant's complaint to the police, he had provided her with notice that he was terminating her periodic tenancy, that such notice substantially conforms with § 47a-20a (a) (4) of the General Statutes and that such notice rebuts the presumed facts.

Such notice "serves the purposes of establishing that the notice was not given because of plaintiff's complaint. However, such notice must be an unequivocal act and it must be formal." *Ziokower* v. *Pelletier,* Superior Court, judicial district of Hartford-New Britain, Housing Session at Hartford, Docket No. 12388 (January 11, 1982).

When questioned regarding the notice, the defendant testified that she had received several requests from the plaintiff asking her to move. The plaintiff, when asked if he had given the defendant written notice answered "yes" and responded further by saying, "I gave her notice some time around June and another notice in the beginning of November asking her to

please vacate the premises." This being the sum and substance of the testimony regarding notice, the court finds that this notice is certainly not the unequivocal notice envisioned by the *Ziokower* case, cited by both the plaintiff and the defendant in their briefs, and certainly not sufficiently unequivocal to constitute a notice to terminate a tenancy under § 47a-20a (a) (4).

In accordance with the above, the court finds that the present action is barred by § 47a-20 of the General Statutes.

Judgment may enter for the defendant.