[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This summary process action is brought for nonpayment of rent. The defendants have moved to dismiss the action claiming that this is a retaliatory eviction prohibited by General Statutes § 47a-20.[1]
As the defendants concede, in Hayes v. Lawton, Superior Court, judicial district of New Haven, Housing Session, No. SPNH 9704-50310 (April 28, 1997), I held that a "motion to dismiss claiming retaliatory eviction pursuant to General Statutes § 47a-20 does not implicate the court's jurisdiction and, therefore, is not properly raised by a motion to dismiss. `Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings CT Page 6444 in question belong.' Tolly v. Department of Human Resources,225 Conn. 13, 29, 621 A.2d 719 (1993). The Supreme Court has characterized retaliatory eviction as a special defense.Ossen v. Wanat, 217 Conn. 313, 318, 585 A.2d 685 (1991); see also Visco v. Cody, 16 Conn. App. 444, 449, 547 A.2d 935 (1988);Groton Townhouse Apartments, Inc. v. Covington, 38 Conn. Sup. 370,372, 448 A.2d 221 (App. Sess. 1982)." The defendants challenge that holding.
First, the defendants observe that "the caselaw on which the Court [in Hayes] relie[d] does not explicitly prohibit the use of § 47a-20 as a motion to dismiss." The defendants are correct. If a violation of § 47a-20 indeed implicates the subject matter jurisdiction of the court, it may be raised by way of special defense, or otherwise, at any time. See Lewis v. Gaming Policy Board,224 Conn. 693, 698, 620 A.2d 780 (1993); State v. Anonymous,240 Conn. 708, 718, 694 A.2d 766 (1997).
Second, citing Black's Law Dictionary (6th Ed.), the defendants argue that the prohibition in § 47a-20 against a landlord maintaining an action against a tenant, "means [that] a landlord may not `commence or institute' such action." See alsoGumpper v. Waterbury Traction Co., 68 Conn. 424, 426,36 A. 806 (1896). In fact, Black's Law Dictionary (6th Ed.) states: "To `maintain' an action is to uphold, continue on foot, and keep from collapse a suit already begun, or to prosecute a suit with effect. George Moore Ice Cream Co. v. Rose, Ga., 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265. To maintain an action or suit may mean to commence or institute it; the termimports the existence of a cause of action. Maintain, however, isusually applied to actions already brought, but not yet reduced to judgment. Smallwood v. Gallardo,275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152. In this connection it means to continue or preserve in or with; to carry on." (Emphasis added.)[2]
"It is important to distinguish, however, between a lack of subject matter jurisdiction and a possible defense. . . ."State v. Booker, 28 Conn. App. 34, 39-40,611 A.2d 878 (1992). Statutes providing that "no action shall be maintained" or that "no action may be maintained" are not uncommon in Connecticut. See, e.g., General Statutes §§ 7-101a(d),42-116t(f), 46b-379(d), 47-109(a), 52-579. Courts have generally construed such language to mean that the condition for the maintenance of the statutory action goes to the legal sufficiency of the action, not to the court's jurisdiction. See, CT Page 6445 e.g., Veterans Memorial Medical Center v. Hanson, Superior Court, judicial district of New Haven at Meriden, No. 247019S (November 23, 1994) (stating that "a claim based on Connecticut General Statutes § 46b-37 (d) is not jurisdictional and is more appropriately raised as a special defense which can be tested either at trial or on summary judgment"); Morgan v. Waterbury Renewal Economic Development, judicial district of Waterbury, No. 091328 (February 19, 1991) (finding that "[t]he requirement of written notice of the intention to commence suit under § 7-101a(d) imposes a procedural precondition on liability of the municipality or its agency," but is not jurisdictional).[3] In Connecticut, a challenge to the legal sufficiency of a cause of action is typically mounted by a motion to strike; Coolick v. Windham,7 Conn. App. 142, 145, 508 A.2d 46 (1986); or by way of a special defense where the facts evidencing that the plaintiff has no cause of action are not apparent from the complaint, but not a motion to dismiss.Grant v. Bassman, 221 Conn. 465, 473, 604 A.2d 814 (1992).[4]
Furthermore, there exists an "established principle that every presumption is to be indulged in favor of jurisdiction. . . . LeConche v. Elligers, [215 Conn. 701, 709-10, 579 A.2d 1 (1990)]." Grant v. Bassman, supra, 221 Conn. 470. Three of the actions enumerated in § 47a-20
which give rise to the prohibition against the landlord's taking retaliatory action are couched in terms of the tenant's acting "in good faith." It is anomalous to have the court's subject matter jurisdiction dependent upon a party's acting in good faith. Cf. Labor Board v. I. M. Electric Co., 318 U.S. 9, 18,63 S.Ct. 394, 87 L.Ed. 579 (1943); Caserta v. Zoning Board of Appeals,219 Conn. 352, 339-62, 593 A.2d 118 (1991).
Finally, the defendants suggest that unless General Statutes § 47a-20 is deemed jurisdictional, it is superfluous in light of the provisions of General Statutes § 47a-33.[5] This is not so. "There are two significant differences between . . . [§ 47a-33] and § 47a-20: (1) under [§ 47a-33] the tenant must have registered a complaint to some municipal agency or made some equivalent effort to remedy the condition, whereas § 47a-20 (3) allows a complaint to be made to the landlord directly; and (2) [§ 47a-33] permits a tenant to raise retaliation as an affirmative defense, which the tenant must then prove by a preponderance of evidence, whereas § 47a-20
establishes retaliation as a presumption, if a summary process action is initiated within six months of a complaint, which the CT Page 6446 landlord must then successfully rebut." Visco v. Cody, supra, 16 Conn. App. 450 n. 7; see also Alteri v. Layton,35 Conn. Sup. 261, 264-65, 408 A.2d 18 (1979).
As the defendants state, § 47a-20 is a limitation on the remedy provided by the summary process statutes. A limitation on a remedy, however, is not a jurisdictional matter. SeeBrower v. Brower, 15 Conn. Sup. 77, 78 (1947); cf.Moore Ice Cream Co. v. Rose, 289 U.S. 373, 384,53 S.Ct. 620, 77 L.Ed. 1265 (1933); Murphy v. Baez,40 Conn. Sup. 470, 472-73, 475, 515 A.2d 383 (1986).
"The defendant's motion to dismiss manifests the vexing tendency in the Housing Session to front-load all issues under the guise of jurisdiction. `Jurisdiction involves the right to adjudicate concerning the subject matter in a given case. For the establishment of this right there are three essentials: first, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and third, the point decided must be, in substance and effect, within the issue.' Telesco v. Telesco,187 Conn. 715, 719-720, 447 A.2d 752 (1982). `Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged.Killingly v. Connecticut Siting Council, 220 Conn. 516,522, 600 A.2d 752 (1991), quoting Demar v. Open Space Conservation Commission, [211 Conn. 416, 425,559 A.2d 1103 (1989)]; see also Cross v. Hudon,27 Conn. App. 729, 732, 609 A.2d 1021 (1992).' Woodward v. Woodward,44 Conn. App. 99, 102, 686 A.2d 1010 (1997).
"There is no doubt that the Superior Court is authorized to hear summary process cases; the Superior Court is authorized to hear all cases except those over which the probate courts have original jurisdiction. General Statutes § 51-164s. The jurisdiction of the Superior Court in summary process actions, however, is subject to a condition precedent. Before the court can entertain a summary process action and evict a tenant, the owner of the land must previously have served the tenant with notice to quit. . . . `The failure to comply with the statutory requirements deprives a court of jurisdiction to hear the summary process action. . . .'Bridgeport v. Barbour-Daniel Electronics, Inc., 16 Conn. App. 574,582, 548 A.2d 744 (1988), cert. denied, 209 Conn. 826, 552 A.2d 432
(1989)." The Debonnair Motel, Inc. v. Abate, Superior Court, CT Page 6447 judicial district of New Haven, Housing Session, No. SPNH 9710 52443 (December 6, 1997).
Here, all statutory requirements have been satisfied. All the requirements of jurisdiction are present including a facially valid notice to quit. The motion to dismiss is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court