JOSE M. CORREA *v.* KIMBERLY WARD ET AL.
(AC 25574)

McLachlan, Gruendel and Foti, Js.

Argued April 25—officially released August 30, 2005

*David A. Pels*, with whom, on the brief, was *Gregory L. Bass*, for the appellant (defendant).

*Opinion*

GRUENDEL, J. The defendant Kimberly Ward[1] appeals from the trial court's judgment of eviction in the underlying summary process action. The court found that although the defendant established a presumption of retaliatory eviction under General Statutes

---

[1] John Doe, a tenant unknown to the plaintiff landlord, Jose M. Correa, also was named as a defendant but is not a party to this appeal. We therefore refer in this opinion to Ward as the defendant.

§ 47a-20,[2] the plaintiff landlord, Jose M. Correa, rebutted that presumption. On appeal, the defendant claims that the plaintiff's proffered rebuttal did not satisfy any of the grounds listed in General Statutes § 47a-20a[3] and that the court improperly interpreted those grounds not to be exclusive. We agree with the defendant and, therefore, reverse the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. On or about September 1, 2003, the plaintiff and the defendant entered into an oral month-to-month lease for the premises of 8 Community Street in East Hartford. The lease fell under the federal section eight rent subsidy program administered by the federal Department of Housing and Urban Development pursuant to the National Housing Act as amended in 1974.[4] Prior to the parties' entering into the lease, Imagineers, Inc., which administers the program, had sent a letter to the plaintiff on June 5, 2003, requesting that various repairs be made to the premises

---

[2] General Statutes § 47a-20 provides in relevant part: "A landlord shall not maintain an action or proceeding against a tenant to recover possession of a dwelling unit . . . within six months after: (1) The tenant has in good faith attempted to remedy by any lawful means, including contacting officials of the state or of any town, city or borough or public agency or filing a complaint with a fair rent commission, any condition constituting a violation of any provisions of chapter 368o, or of chapter 412, or of any other state statute or regulation . . . . (3) the tenant has in good faith requested the landlord to make repairs . . . ."

[3] General Statutes § 47a-20a (a) provides in relevant part: "Notwithstanding the provisions of section 47a-20, the landlord may maintain an action to recover possession of the dwelling unit if: (1) The tenant is using the dwelling unit for an illegal purpose or for a purpose which is in violation of the rental agreement or for nonpayment of rent; (2) the landlord seeks in good faith to recover possession of the dwelling unit for immediate use as his own abode; (3) the condition complained of was caused by the wilful actions of the tenant or another person in his household or a person on the premises with his consent; or (4) the landlord seeks to recover possession on the basis of a notice to terminate a periodic tenancy, which notice was given to the tenant before the tenant's complaint."

[4] See 42 U.S.C. § 1437f.

by July 5, 2003.[5] On August 1, 2003, Imagineers, Inc., conducted a follow-up inspection and found that all repairs had been made except for those to a defective stove.[6]

The plaintiff thereafter made an oral proposal to the defendant under which the defendant would pay one half of the cost of a new stove and retain ownership. The defendant agreed to the proposal but later refused to sign the proposed agreement dated September 16, 2003. The plaintiff subsequently replaced the stove after the Connecticut Natural Gas Company "red tagged" it as hazardous and unusable. The defendant and her family were without the use of a stove for approximately ten days before the replacement stove arrived.

On September 25, 2003, the plaintiff served the defendant with a notice to quit. The plaintiff started the eviction process because, according to his testimony, the defendant had refused to pay one half of the cost of the stove and had used abusive language. At trial, the court found that the defendant had proven sufficient facts to create a presumption that the plaintiff's action was retaliatory within the meaning of § 47a-20. The court nonetheless determined that the plaintiff had produced sufficient evidence to overcome the statutory presumption of retaliation on the basis of the defendant's refusal to pay one half of the cost of the stove and her use of foul language. The defendant claimed that those grounds were insufficient because they are not specifically listed in § 47a-20a. The court, however, rejected the defendant's argument and rendered judgment in favor of the plaintiff.

---

[5] Imagineers, Inc., which administers the rent subsidy program, requested that the landlord make the following repairs: (1) fix a hole in the wall and a leaking faucet in the bathroom; (2) secure electrical outlets in the front bedrooms; (3) adjust the lighting in the rear of the apartment; and (4) repair the stove and leaking faucet in the kitchen.

[6] Imagineers, Inc., subsequently sent a letter to the plaintiff on October 6, 2003, ordering the stove to be replaced.

The defendant's arguments with respect to § 47a-20a present an issue of statutory construction. Statutory construction is a question of law and, therefore, our review is plenary. *Bengtson* v. *Commissioner of Motor Vehicles*, 86 Conn. App. 51, 56, 859 A.2d 967 (2004), cert. denied, 272 Conn. 922, 867 A.2d 837 (2005). "The process of statutory interpretation involves a reasoned search for the intention of the legislature." (Internal quotation marks omitted.) *Wasko* v. *Manella*, 269 Conn. 527, 534, 849 A.2d 777 (2004). "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." General Statutes § 1-2z; *Carmel Hollow Associates Ltd. Partnership* v. *Bethlehem*, 269 Conn. 120, 129, 848 A.2d 451 (2004).

Section 47a-20a, the statute at issue, recognizes that certain eviction actions, even if commenced within six months of a complaint being filed, are not deemed retaliatory.[7] The only issue we must decide is whether § 47a-20a contains the only means by which to rebut a presumption of retaliation under § 47a-20.

As the first step in our statutory analysis, we examine the relevant language of § 47a-20a to determine whether it is plain and unambiguous. To determine whether statutory language is plain and unambiguous, we examine the text itself and its relationship to other statutes. "The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." *Carmel Hollow Associates Ltd. Partnership* v. *Bethlehem*, supra, 269 Conn. 134 n.19. We conclude that the introductory phrase of § 47a-20a,

---

[7] See footnote 3.

specifically, "[n]otwithstanding the provisions of section 47a-20, the landlord may maintain an action to recover possession of the dwelling unit if," is plain and unambiguous. That phrase limits the exceptions for rebutting a presumption of retaliation created by § 47a-20 to the four exceptions specifically listed in § 47a-20a. When "the language of the statute is plain and unambiguous, we will not look beyond the words themselves . . . ." *Szczapa* v. *United Parcel Service, Inc.*, 56 Conn. App. 325, 329, 743 A.2d 622, cert. denied, 252 Conn. 950, 748 A.2d 299 (2000).

In support of our conclusion, we also recognize the principle of "enumerated powers" in statutory construction. "[A]n enumeration of powers in a statute is uniformly held to forbid the things not enumerated." (Internal quotation marks omitted.) *Capalbo* v. *Planning & Zoning Board of Appeals*, 208 Conn. 480, 491, 547 A.2d 528 (1988). On the basis of that rule of statutory construction, § 47a-20a clearly delineates only four exceptions enabling a landlord to rebut a presumption of retaliation under § 47a-20. Any ground not enumerated in § 47a-20a is therefore inadequate to rebut the presumption.

In addition, a number of trial courts have interpreted § 47a-20a to contain the only grounds for rebutting the presumption of retaliation created by § 47a-20. In *Hanna* v. *Stewart*, Superior Court, judicial district of Fairfield, Housing Session, Docket No. 9503-29166 (April 19, 1995), for example, the court determined that the plaintiff had rebutted the presumption when she explicitly recovered "possession of the dwelling for immediate use as her own abode" in accordance with § 47a-20a (a) (2). In *Bank of Hartford, Inc.* v. *Bultron*, Superior Court, judicial district of Hartford-New Britain, Docket No. 9206-65684 (December 3, 1992), the court found that the plaintiff had not met his burden of proving retaliation when he failed to prove one of

the exceptions listed in § 47a-20a. Indeed, the court in *Murphy* v. *Baez*, 40 Conn. Sup. 470, 515 A.2d 383 (1986), explained that "[w]hile no case cited to the court establishes whether the presumption of § 47a-20 may be rebutted by reasons other than those found in § 47a-20a, the court is of the opinion that the language of § 47a-20a clearly delineates the only grounds for such rebuttal."[8] Id., 474.

In the present case, the court determined that the defendant had proven sufficient facts to create a presumption that the plaintiff's action was retaliatory within the meaning of § 47a-20. Specifically, the defendant proved that the plaintiff's summary process action was filed within six months after the defendant in good faith requested that the plaintiff make repairs to the disputed stove under § 47a-20 (3).[9] "[Section] 47a-20 establishes retaliation as a presumption, if a summary process action is initiated within six months of a complaint, which the landlord must then successfully rebut." *Visco* v. *Cody*, 16 Conn. App. 444, 450 n.7, 547 A.2d 935 (1988). Once the defendant established a prima facie case under § 47a-20, therefore, the plaintiff was limited to rebutting the presumption using one of the four enumerated grounds in § 47a-20a.

The court nonetheless found that the plaintiff had rebutted the presumption of retaliation on the basis of his showing that the defendant had used foul language and recanted an oral agreement to pay one half of the

---

[8] A review of trial court decisions reveals that only one court has allowed a party to rebut the presumption of retaliation on grounds other than those specifically listed in General Statutes § 47a-20a. In *Leibovitz* v. *Smith*, Superior Court, judicial district of New Haven, Housing Session, Docket No. 8509-9789 (December 26, 1985), the court held that a landlord's claim to undertake major repairs was sufficient to rebut the presumption of retaliation under General Statutes § 47a-20.

[9] Although Imagineers, Inc., requested that the landlord repair the defective stove, the court noted that the defendant, through "lawful means," can avail herself of the request made by Imagineers, Inc.

cost of the stove. Neither is a valid ground to rebut the presumption of retaliation, however, because neither falls under any of the four exclusive grounds listed in § 47a-20a. Because the plaintiff did not prove one of those grounds, he did not rebut the presumption of retaliation. The court therefore improperly determined that the plaintiff prevailed in rebutting a presumption of retaliation under § 47a-20.

Finally, the court improperly found that the plaintiff's summary process action was based on the defendant's mistreatment of the plaintiff and not on the dispute over the stove. As discussed, the court determined that the defendant had established a presumption of retaliation under § 47a-20. Section 47a-20 lists, among other acts, the tenant's good faith request to the landlord to make repairs as a protected act that bars eviction.[10] It does not, however, list verbal abuse as a protected act. Any grounds established by the plaintiff to rebut the presumption of retaliation under § 47a-20, therefore, must be in response to the dispute over the stove and not to the defendant's verbal abuse. Again, because the plaintiff did not prove one of the four exclusive grounds listed in § 47a-20a, he did not rebut the presumption of retaliation under § 47a-20.

The judgment is reversed and the case is remanded with direction to render judgment in favor of the defendant.

In this opinion the other judges concurred.