******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LEROY HOLDMEYER *v.* VAL THOMAS
(AC 37344)

Beach, Alvord and Gruendel, Js.

*Argued April 12—officially released August 9, 2016*

(Appeal from Superior Court, judicial district of New London, geographical area twenty-one, Bates, J.)

*Val Thomas*, self-represented, the appellant (defendant).

*Opinion*

BEACH, J. The defendant tenant, Val Thomas, appeals from the trial court's judgment of possession in favor of the plaintiff landlord, Leroy Holdmeyer, in a summary process action. The defendant claims that the plaintiff did not meet his burden of rebutting the presumption of retaliatory eviction because he did not prove any of the four statutory exceptions enumerated in General Statutes § 47a-20a.[1] We agree and reverse the judgment of the trial court.

The record reveals the following relevant facts. On July 11, 2014, the defendant called the Uncas Health District to complain that the apartment he rented from the plaintiff had been infested with bed bugs. A representative inspected the building and confirmed that it had been infested by bed bugs, and an order of violation was issued on July 18. The plaintiff testified that he did not receive the order until July 30, 2014. On August 29, 2014, the plaintiff commenced a summary process action against the defendant, seeking to remove him from the plaintiff's property. The complaint alleged that the week-to-week tenancy had terminated by lapse of time and the plaintiff attached a copy of the notice to quit, dated August 15, 2014.

The court determined that the evidence submitted by the defendant supported the finding of a presumption of retaliation under General Statutes § 47a-20.[2] The court found that the plaintiff successfully rebutted this presumption by showing that the eviction was not in fact retaliatory. Accordingly, the court rendered a judgment of possession in favor of the plaintiff.

The defendant filed a motion to open and reargue, and the court held a rehearing on October 16, 2014. In an addendum to the memorandum of decision, the court again found that the plaintiff had rebutted the presumption of a retaliatory eviction.[3] "[The defendant] has failed to persuade the court that the underlying reason for the [notice to quit] was retaliatory. Rather, it appears that the [plaintiff] . . . became discouraged about the tenant's performance and willingness to help resolve the maintenance issues . . . ." The court rendered a judgment of immediate possession in favor of the plaintiff. This appeal followed.[4]

The defendant claims that the plaintiff did not meet his burden of rebutting the presumption of retaliatory eviction. He argues that the only means available to rebut a presumptively retaliatory eviction, pursuant to § 47a-20, are the four specific exceptions enumerated in § 47a-20a, none of which the court found in this case. We agree.

We employ a plenary standard of review. The defendant's claim with respect to § 47a-20a "present[s] an issue of statutory construction. Statutory construction is a question of law and, therefore, our review is plenary.

. . . The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Wilson* v. *Jefferson*, 98 Conn. App. 147, 153–54, 908 A.2d 13 (2006).

Section 47a-20 "establishes retaliation as a presumption, if a summary process action is initiated within six months of a complaint, which the landlord must successfully rebut." *Visco* v. *Cody*, 16 Conn. App. 444, 450 n.7, 547 A.2d 935 (1988). Once the defendant establishes a prima facie case under § 47a-20, "the plaintiff [is] limited to rebutting the presumption using one of the four enumerated grounds in § 47a-20a." *Correa* v. *Ward*, 91 Conn. App. 142, 148, 881 A.2d 393 (2005). The four enumerated grounds in § 47a-20a (a) are as follows: "(1) The tenant is using the dwelling unit for an illegal purpose or for a purpose which is in violation of the rental agreement or for nonpayment of rent; (2) the landlord seeks in good faith to recover possession of the dwelling unit for immediate use as his own abode; (3) the condition complained of was caused by the wilful actions of the tenant or another person in his household or a person on the premises with his consent; or (4) the landlord seeks to recover possession on the basis of a notice to terminate a periodic tenancy, which notice was given to the tenant before the tenant's complaint."

The posture of this case is identical to that in *Correa* v. *Ward*, supra, 91 Conn. App. 142. There, the trial court found that the tenant had shown that the eviction was presumptively retaliatory,[5] but that the landlord had rebutted the presumption by proving that the eviction was motivated by the tenant's use of "abusive" language and refusal to pay for one half of the cost of a new stove. Id., 145. The trial court found that the eviction was not motivated by the tenant's request to make repairs to an appliance in the premises. Id., 148. This court, however, held that once retaliation was shown pursuant to § 47a-20, the only effective means of rebuttal were the four prescribed in § 47a-20a. Id., 149.

In the present case, the court found that the presumption of retaliation was proved pursuant to § 47a-20, but it determined that the plaintiff had rebutted the presumption. The court made no finding, however, that the plaintiff had proved any of the four exclusive grounds enumerated by § 47a-20a. In light of the principles set forth in *Correa* v. *Ward*, supra, 91 Conn. App. 147, the court's determination that the presumption had been rebutted by the plaintiff was improper.

After a thorough review of the record before us, we

conclude that there is no evidence that any of the four grounds have been satisfied by the plaintiff. Because § 47a-20a is the only mechanism by which a party may rebut a presumptively retaliatory eviction and "any ground not enumerated in § 47a-20a is therefore inadequate to rebut the presumption"; *Correa* v. *Ward*, supra, 91 Conn. App. 147; we agree with the defendant's claim that the plaintiff has failed to rebut the presumption of retaliatory eviction.

The judgment is reversed and the case is remanded with direction to render judgment in favor of the defendant.

In this opinion the other judges concurred.

[1] The defendant also claims that (1) the notice to quit the premises in four days violated his due process and his civil rights, (2) the court improperly denied his motion for a continuance, (3) he should have been shielded from eviction and collection of rent, (4) the court improperly limited his testimony, and (5) he was entitled to a court-appointed attorney. We have reviewed these claims and conclude that they are without merit.

[2] General Statutes § 47a-20 provides in relevant part that "[a] landlord shall not maintain an action or proceeding against a tenant to recover possession of a dwelling unit . . . within six months after: (1) [t]he tenant has in good faith attempted to remedy by any lawful means, including contacting officials of the state or of any town, city or borough or public agency or filing a complaint with a fair rent commission, any condition constituting a violation of any provisions of chapter 368o, or of chapter 412, or of any state statute or regulation, or of the housing and health ordinances of the municipality wherein the premises which are the subject of the complaint lie . . . ."

Although § 47a-20 does not expressly provide for a "presumption," nor, in its body, does it refer to "retaliation," it does state that no action for eviction shall be maintained in certain defined circumstances. Our cases have referred to the statute as one creating a presumption of retaliation, in that if any of the enumerated events is proved, a statutory presumption arises that the landlord has retaliated against the tenant because of the tenant's having complained. E.g., *Visco* v. *Cody*, 16 Conn. App. 444, 450 n.7, 547 A.2d 935 (1988).

[3] The court relied on *Alteri* v. *Layton*, 35 Conn. Supp. 261, 408 A.2d 18 (1979), for the proposition that a violation of § 47a-20 may be rebutted by proving that the eviction was nonetheless undertaken in good faith. See id., 264. *Alteri*, however, is inconsistent with, and subordinate to, this court's decision in *Correa* v. *Ward*, 91 Conn. App. 142, 881 A.2d 393 (2005).

[4] The plaintiff did not file a brief in this matter.

[5] We note that, in order for complaints to form the predicate for a finding of a presumption of retaliation pursuant to § 47a-20, the tenant's complaints must have been made in good faith. General Statutes § 47a-20 (1).