RICHARD COOLLICK *v.* TOWN OF WINDHAM ET AL.
(4029)

HULL, SPALLONE and DALY, Js.

Argued January 14—decision released April 22, 1986

*Daniel K. Lamont,* for the appellant (plaintiff).

*Kathleen Eldergill,* for the appellees (named defendant et al.).

SPALLONE, J. The plaintiff is appealing from a judgment rendered upon the decision of the trial court dismissing his suit against the defendants. The dispositive issue on appeal is whether the trial court erred in granting the defendants' motion to dismiss based on lack of subject matter jurisdiction.

The facts underlying this action are as follows. On June 16, 1982, the plaintiff, Richard Coollick, a regular uniformed member of the Windham (formerly Willimantic) police department, underwent coronary bypass surgery. Thereafter, the plaintiff applied for workers' compensation benefits pursuant to General Statutes §§ 7-433c and 31-307. Section 7-433c provides for benefits to be awarded to certain policemen and firemen who become disabled or who die as a result of hypertension or heart disease, and § 31-307 provides for benefits to be awarded to certain workers who become totally incapacitated. The workers' compensation commissioner ruled the plaintiff eligible and awarded him

benefits pursuant to the statutes. The town of Windham, a self-insured municipality, did not appeal the decision.

Windham failed to pay the award. On December 22, 1983, the plaintiff commenced an action against the defendants[1] alleging that they acted in bad faith in refusing to pay the award, thereby entitling the plaintiff to compensatory and punitive damages, including attorney's fees.

The defendants moved to dismiss the action claiming lack of subject matter jurisdiction in that the plaintiff's failure to receive benefits should be addressed to the compensation commissioner who was vested with exclusive jurisdiction to hear such claims.

At oral argument on the motion to dismiss, the plaintiff conceded that jurisdiction to hear claims based on a failure to pay under the workers' compensation provisions was vested solely in the workers' compensation commission. The plaintiff argued, however, that he sought damages pursuant to 42 U.S.C. § 1983,[2] the Federal Civil Rights Act. The trial court concluded that "[b]ecause the plaintiff has failed to state a claim based upon 42 U.S.C. § 1983, and because the plaintiff has already conceded that the court lacks jurisdiction over his workers' compensation claims, the defendants' motion to dismiss is granted."

---

[1] Originally named as defendants were the town of Windham, O. Paul Shaw, former manager of the city of Willimantic, and Neil Mesick and Armand Martineau, two members of the board or selectmen. The plaintiff withdrew the case against Martineau.

[2] 42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

We note that the trial court, in ruling that the plaintiff did not make out a cause of action under the civil rights act, in effect, ruled on the legal sufficiency of the defendants' complaint. Such a ruling is properly the subject of a motion to strike; Practice Book § 152 (3); and not a motion to dismiss as was before the trial court. See Practice Book § 143. "The record does not [, however,] indicate that the impropriety of the use of a motion to dismiss in this manner was ever raised in the trial court. It was not made here. We shall therefore consider the case 'as it was presented by the parties, overlooking the foregoing procedural shortcomings and treating the motion to dismiss as sustainable under the same test as would have been applicable' if it had been a motion to strike. *Glens Falls Ins. Co.* v. *Somers,* 146 Conn. 708, 713, 156 A.2d 146 (1959)." *Progressive Casualty Ins. Co.* v. *DiGangi,* 4 Conn. App. 137, 139–40, 492 A.2d 548, cert. granted, 197 Conn. 810, 499 A.2d 60 (1985).

We therefore agree with the holding of the trial court that the plaintiff failed to present properly a claim cognizable under the Civil Rights Act because his complaint fails to set out any deprivation of a right secured by the constitution or laws of the United States, as is required. See, e.g., *Maine* v. *Thiboutot,* 448 U.S. 1, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980); *Baker* v. *McCollan,* 443 U.S. 137, 140, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979); *Monell* v. *Department of Social Services of the City of New York,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Williams* v. *Treen,* 671 F.2d 892 (5th Cir. 1982); *Bills* v. *Henderson,* 631 F.2d 1287 (6th Cir. 1980).

The plaintiff alleges that he has been deprived of a property interest, i.e., his entitlements under the Workers' Compensation Act. He relies upon *Fuentes* v. *Shevin,* 407 U.S. 67, 86, 92 S. Ct. 1983, 32 L. Ed. 2d 556, reh. denied, 409 U.S. 902, 93 S. Ct. 177, 34 L. Ed.

2d 165 (1972), for the proposition that statutory entitlements are property rights under the fourteenth amendment to the United States constitution. Unlike *Fuentes,* however, where the plaintiffs' challenged the statutory scheme itself as violative of due process, the plaintiff here does not complain that any of the defendants acted without due process of law. The plaintiff's complaint alleges only that the city of Willimantic and the town of Windham "acted in bad faith and with improper motive," that Paul Shaw "acted wilfully and in gross disregard of the rights of the plaintiff," and that Neil Mesick and Armand Martineau "acted in bad faith and with an improper motive" in refusing to grant workers' compensation benefits to the plaintiff.

As was noted in *Marrero* v. *City of Hialeah,* 625 F.2d 499 (5th Cir. 1980), cert. denied sub nom. *Rashkind* v. *Marrero,* 450 U.S. 913, 101 S. Ct. 1353, 67 L. Ed. 2d 337 (1981), "[i]n order to state a claim under the fourteenth amendment, the complainant must allege facts showing not only that the State has deprived him of a liberty or property interest but also that the State has done so without due process of law." (Footnote omitted.) Id., 519.

In *Parratt* v. *Taylor,* 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), the United States Supreme Court considered the claim of a prison inmate, made under 42 U.S.C. § 1983, who ordered certain hobby materials by mail, which materials were lost after they were received at the correctional institution. In that action, the District Court had granted the inmate's motion for summary judgment and the Circuit Court had affirmed that ruling. The United States Supreme Court reversed, holding that the plaintiff had failed to allege a violation of the due process clause of the fourteenth amendment, and therefore did not plead a cause of action under § 1983. In doing so, the court stated: "Although [the inmate] has been deprived of property under color of state law, the

deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure. There is no contention that the procedures themselves are inadequate . . . ." *Parratt* v. *Taylor,* supra, 543.

In this case, the plaintiff alleges wrongful acts of the defendants but has not challenged the adequacy of the procedural and substantive rights afforded him under the Workers' Compensation Act, General Statutes § 31-275 et seq. The plaintiff must allege that procedures followed by the defendants, as a matter of law, were violative of and in derogation of his due process rights. Connecticut has established adequate procedures for the disposition of workers' compensation claims. The failure of the officials to perform in accordance with their duty, to the detriment of the plaintiff, is not a violation of due process but a failure to follow established procedures. See *Parratt* v. *Taylor,* supra, 543; *Paul* v. *Davis,* 424 U.S. 693, 701, 96 S. Ct. 1155, 47 L. Ed. 2d 405, reh. denied, 425 U.S. 985, 96 S. Ct. 2194, 48 L. Ed. 2d 811 (1976). Our Workers' Compensation Act contains enforcement provisions enabling the recipient of an award to compel performance.

The issue raised by the plaintiff in this case is the defendants' failure to pay the benefits ordered by the commissioner. General Statutes § 31-295 expressly provides that "the Commissioner shall adopt regulations for the purpose of assuring prompt payment by the employer or his insurance carrier." Section 31-300 provides an employee with remedies to ensure prompt payment, including the award of interest and reasonable attorney's fees when appropriate. Such awards are within the discretion of the workers' compensation commissioner, depending on his findings of fact as to the default, neglect or unreasonable contest of liability on the part of the employer or insurer. *Balkus* v.

*Terry Steam Turbine Co.,* 167 Conn. 170, 179–80, 355 A.2d 227 (1974). Section 31-300 provides that once an award has been granted to an employee, it has the same force and effect as a judgment, "and may be enforced in the same manner as the judgment of the superior court." Even where there is an appeal from the commissioner's award, § 31-301 permits the employee to collect the undisputed portion of the claim. Finally, § 31-288 provides that a fine of $250 may be imposed upon an employer who "wilfully fails to conform to any other provision of this chapter." The plaintiff has not chosen to follow this well established and well marked path provided for the enforcement of his award, but rather has opted to bypass these state procedures which provide fully for due process of law. Our Supreme Court has expressly held that no private right of action arises out of an employer's failure to conform to the provisions of the Workers' Compensation Act. *Hoard* v. *Sears Roebuck & Co.,* 122 Conn. 185, 192–93, 188 A. 269 (1936).

The established state procedures are adequate, fully protect the rights of the employee and vest exclusive jurisdiction to hear compensation claims with the commissioner. It is well settled that workers' compensation is the exclusive remedy for an employee seeking redress for work related injuries. *Velardi* v. *Ryder Truck Rental, Inc.,* 178 Conn. 371, 375, 423 A.2d 77 (1979). We agree with the trial court's ruling that no civil rights action was properly pleaded sufficient to invoke 42 U.S.C. § 1983, and that under the circumstances the exclusive jurisdiction of the plaintiff's claims lies with the workers' compensation commission.

Since the plaintiff did not complain of the manner in which this action has proceeded, and has never sought to preserve any right he may have had to plead further; see Practice Book § 157; we conclude that no

purpose would be served by returning the case to the Superior Court for further pleading. *Progressive Casualty Ins. Co.* v. *DiGangi,* supra, 142.

There is no error.

In this opinion the other judges concurred.