JOHN CALTABIANO ET AL. *v.* ROGER PHILLIPS ET AL.
(8326)

DUPONT, C. J., DALY and LANDAU, Js.

Argued May 8—decision released September 18, 1990

*David A. Scalzi,* with whom, on the brief, were *Laurence V. Parnoff* and *Debra L. Arganese,* for the appellants (plaintiffs).

*Thomas J. Londregan,* for the appellee (named defendant).

*John W. Butts,* for the appellees (defendant planning and zoning commission et al.).

DUPONT, C. J. This appeal involves an action against the municipal defendants[1] claiming that they should have denied a certain special permit issued to the individual defendant, Roger Phillips, and should have enforced the conditions they had imposed on Phillips

---

[1] The municipal defendants are the town of Salem; Hugh C. Teel, the town's first selectman; Robert J. Jakubiel, the zoning enforcement officer of the town; and the inland wetlands commission and the planning and zoning commission of the town.

in issuing the permit.[2] The plaintiffs also claim that their action alleges that Phillips is engaging in activity that constitutes a nuisance, and they seek injunctive and other relief as to him.

This case is a sequel to *Caltabiano* v. *Planning & Zoning Commission,* 211 Conn. 662, 560 A.2d 975 (1989) (*Caltabiano I*), which held that the trial court should not have dismissed the plaintiffs' administrative appeal because they had standing to appeal from the granting of a special permit to Phillips by the planning and zoning commission of the town of Salem (commission) to excavate a portion of land owned by him.[3] By the time the appeal in the present case was heard, *Caltabiano I* had been finally resolved by a dismissal by the trial court, *Hurley, J.,* on February 20, 1990, and by a denial, on April 24, 1990, of the plaintiffs' petition for certification from that judgment to this court.

The trial court in *Caltabiano I* declined to disturb the commission's decision to allow the applicant to excavate as long as he did not invade the bedrock. It also found that the evidence was sufficient for the commission to have concluded that the granting of the appli-

[2] It is unclear from the plaintiffs' complaint and brief whether they seek mandamus against the municipal defendants or solely injunctive relief. The plaintiffs seek orders to enjoin the individual defendant and the municipal defendants from excavating the land of the individual defendant. In essence, therefore, they seek the revocation of the special permit. Ordinarily, mandamus is an action to command the performance of a legal duty, rather than an action to desist from the performance of a legal duty. Ballentine's Law Dictionary.

[3] The facts of this case are fully set forth in *Caltabiano* v. *Planning & Zoning Commission,* 211 Conn. 662, 560 A.2d 975 (1989). The defendant zoning commission granted Phillips a special exception to excavate a 3.8 acre parcel of land located deep within his 110 acre tract. Id., 664. This exception permitted excavation of the soil above the bedrock, but prohibited excavation of the bedrock itself because of community concern that the bedrock contained pyrite, the removal of which would pose environmental and health hazards. Id.

cation would not affect any designated inland wetlands area. Finally, the court found the plaintiffs' various claims of procedural irregularities to be without merit.

Prior to the dismissal of the administrative appeal of *Caltabiano I,* the municipal defendants in this case sought a dismissal. That motion was granted by the trial court, *R. O'Connell, J.,* on June 5, 1989. In its answer to the plaintiffs' subsequent motion for rectification, the court stated that it had granted the defendants' motion to dismiss because, as of the date on which it granted the motion, the administrative appeal from the commission's decision involving the same parties, issues and causes of action was pending in the Supreme Court (*Caltabiano I*) and because the plaintiffs had failed to exhaust their administrative remedies. The court also stated that on August 11, 1989, it had denied the plaintiffs' motion to open the judgment of dismissal because the administrative appeal in the Supreme Court had resolved that the plaintiffs had standing to sue and, if they prevailed on remand, they would be able to obtain, in that action, all the relief they had requested. The court again concluded that the plaintiffs had failed to exhaust their administrative remedies before seeking the extraordinary remedies of an injunction and mandamus. The plaintiffs timely filed the present appeal from the court's denial of the motion to open and, in effect, from the granting of the June 5, 1989 motion to dismiss. ·

The individual defendant, Phillips, also filed a motion to dismiss, which was granted by the trial court, *Vasington, J.,* on August 1, 1989. The motion was granted as to one count of the plaintiffs' complaint on the basis of lack of subject matter jurisdiction because the court determined that the validity of the issuance of the special permit could be appealed only pursuant to administrative procedures set forth in chapter 124

of the General Statutes, i.e., General Statutes § 8-8, and not in a separate action. The motion was granted as to the two remaining counts for failure to exhaust administrative remedies because the plaintiffs had not requested the proper zoning official to issue an order prohibiting Phillips from exceeding the parameters of the special permit.[4] The plaintiffs also appeal from the granting of that motion.

The plaintiffs claim, in essence, that their action should not have been dismissed because their complaint stated a cognizable cause of action distinct from that involved in the administrative appeal and because the doctrine of exhaustion of administrative remedies does not apply.

The case before us is, in part, an appeal of the decision of the commission granting the special permit. Those allegations of the case and the corresponding claims for relief of the plaintiffs' complaint have already been addressed in the administrative appeal. Because the trial court upheld the commission's decision in that appeal on remand from our Supreme Court and this court subsequently denied certification, our consideration of the portion of this appeal that relates to the granting of the permit would be merely an academic exercise. Where, during the pendency of an appeal, events have occurred that prevent an appeals court from granting practical relief through a disposition on the merits, the jurisdictional concept of mootness typi-

---

[4] The court also dismissed the action because the plaintiffs had failed to allege the necessary prerequisites for mandamus, again resulting in lack of jurisdiction. This ground is inapplicable to the individual defendant. Although mandamus actions may occasionally be used to force the performance of an action in private controversies; see *Lahiff* v. *St. Joseph's Total Abstinence & Benevolent Society,* 76 Conn. 648, 57 A. 692 (1904); *Bassett* v. *Atwater,* 65 Conn. 355, 32 A. 937 (1895); the present case against the individual defendant is not one of those rare instances.

cally applies. *State* v. *Tippetts-Abbett-McCarthy-Stratton,* 204 Conn. 177, 181, 527 A.2d 688 (1987); *Hartford Principals' & Supervisors' Assn.* v. *Shedd,* 202 Conn. 492, 522 A.2d 264 (1987); *Housatonic Corporate Centre Associates* v. *Planning & Zoning Board,* 23 Conn. App. 256, 579 A.2d 596 (1990); cf. *Butzgy* v. *Glastonbury,* 203 Conn. 109, 523 A.2d 1258 (1987).

The final resolution of *Caltabiano I* interred the question of whether the special permit was properly granted to Phillips. The plaintiffs, therefore, are not entitled to mandamus or injunctive relief against the municipal defendants for the alleged harm arising from the issuance of the special permit. Cf. *Maykut* v. *Plasko,* 170 Conn. 310, 317, 365 A.2d 1114 (1976). "In this case, the dismissal of the plaintiff's zoning appeal, and the subsequent denial of certification to appeal that judgment has removed any basis for a writ of mandamus." *Beninato* v. *Zoning Board of Appeals,* 8 Conn. App. 556, 565, 513 A.2d 201 (1986). Since no practical relief can follow from our consideration of whether the plaintiffs are entitled to relief directing the commission to revoke the permit in this case, the issue is moot and we will refuse to entertain it. See *Shays* v. *Local Grievance Committee,* 197 Conn. 566, 571, 499 A.2d 1158 (1985).

We next address the question of whether the granting of the motions to dismiss as to the remaining counts of the complaint was proper. The remaining portions of the action seek a writ of mandamus against the municipal defendants, to require them to enforce the conditions of the special permit, and allege nuisance against the individual defendant, Phillips.

Mandamus is an extraordinary remedy that usually exists only where (1) the plaintiff has a clear legal right to performance of a particular duty by a governmental entity or an official, (2) the defendant has no discretion in the performance of that duty, and (3) no other

sufficient remedy at law exists. *Housatonic Corporate Centre Associates* v. *Planning & Zoning Board,* supra, 257–58.

The record does not indicate that the plaintiffs made a demand on the zoning enforcement officer to enforce the restrictions in the permit and the plaintiffs have made no allegations to that effect in their complaint. In deciding the jurisdictional issue of whether the plaintiffs exhausted their administrative remedies, we are limited to the well pleaded facts of the plaintiffs' complaint. *Butzgy* v. *Glastonbury,* supra, 121. The plaintiffs have not alleged that they exhausted their administrative remedies, or, in the alternative, that they need not have exhausted those remedies because they fit into an exception to the doctrine. See *Cummings* v. *Tripp,* 204 Conn. 67, 527 A.2d 1230 (1987). The trial court, therefore, properly dismissed that count of the complaint involving the plaintiffs' right to enforcement by the municipal defendants of the conditions of the special permit because the plaintiffs failed to allege the necessary jurisdictional facts.

The plaintiffs also argue that they pleaded a cause of action in nuisance against Phillips and that the trial court could not have properly dismissed that claim. In essence, they argue that they made sufficient allegations in their complaint to support a cause of action in nuisance, implying that the motion to dismiss was, therefore, improperly granted against Phillips. If that count had been inadequately pleaded, the proper motion to test it would have been a motion to strike rather than a motion to dismiss. In the event that a motion to strike were granted, the plaintiffs would have been allowed to amend their pleadings, or, alternatively to suffer a judgment against them from which they could take an appeal if they chose.

The basis for dismissal in this case, however, was unrelated to the plaintiffs' failure to plead nuisance

properly, and no claim was made to the trial court by the plaintiffs that dismissal was improper because the plaintiffs had a cause of action in nuisance. The dismissal was granted as to Phillips because of the plaintiffs' failure to exhaust administrative remedies.

The plaintiffs refer us to *Baskin's Appeal from Probate,* 194 Conn. 635, 643, 484 A.2d 934 (1984), apparently implying that they were entitled to an opportunity to amend their pleadings in the event that the motion to dismiss was improperly granted. A motion to dismiss does not test the sufficiency of a cause of action and should not be granted on other than jurisdictional grounds. See id. The *Baskin* court held that dismissal under some circumstances could not be used to deprive the plaintiff of a cause of action if the plaintiff's complaint could be amended to state a cause of action. The Supreme Court in that case examined the pleadings to determine if the plaintiff might have a cause of action. In *Baskin's Appeal from Probate,* supra, the trial court had considered the sufficiency of the allegations of the complaint to support the plaintiff's claim for relief in connection with the defendant's motion to dismiss. The plaintiff in that case opposed the motion to dismiss on the ground that he had stated a cause of action. See also *Coollick* v. *Windham,* 7 Conn. App. 142, 508 A.2d 46 (1986). Had he not done so, he would be foreclosed from asserting his argument that he had a cause of action because the granting of a motion to dismiss would have prevented that assertion. Practice Book §§ 112, 113.

In the present case, however, unlike *Baskin,* the plaintiffs never argued to the trial court that the motion to dismiss was improper because if it was granted they would be deprived of their claimed action in nuisance. The court's granting of the motion to dismiss was based

solely on jurisdictional grounds. The plaintiffs, therefore, cannot now raise those claims for the first time on appeal. See *Coollick* v. *Windham,* supra.

The judgment is affirmed.

In this opinion the other judges concurred.