[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #112 OBJECTIONTO MOTION TO DISMISS #114
In July 1991, the plaintiff, Ella Langston, brought the present action against her deceased husband's employer and union based on their alleged failure to maintain a life insurance policy on the decedent pursuant to a collective bargaining agreement negotiated by the union with the employer. The plaintiff brought the six count complaint in her own name, CT Page 8383 alleging that she was named beneficiary on the alleged policy.
On June 8, 1994, the union filed a motion to dismiss based on lack of subject matter jurisdiction and a supporting memorandum of law. The plaintiff filed a memorandum of law in opposition to the motion to dismiss on July 1, 1994.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Auth., 195 Conn. 682, 687, 490 A.2d 509 (1989). "Standing concerns the legal right of an individual to set the machinery of the courts in operation. Standing goes to the court's subject matter jurisdiction." Stroiney v. Crescent LakeTax District, 205 Conn. 290, 294, 533 A.2d 208 (1987). "A motion to dismiss does not test the sufficiency of a cause of action and should not be granted on other than jurisdictional grounds." (Emphasis added.) Caltabiano v. Phillips, 23 Conn. App. 258, 265,580 A.2d 67 (1990).
In the present case, the union argues that the plaintiff has no standing to bring the claims alleged. Specifically, the union argues that only the decedent's estate may sue it, since any duty of the union was owed only to the decedent, not the plaintiff.
"One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action . . ."Expressway Assoc. II v. Friendly Ice Cream Corp., of Conn.,34 Conn. App. 543, 552 n. 10 (1994). In the present case, underlying all counts in the complaint, is the plaintiff's claim that she should have received benefits under her husband's life insurance policy. Clearly she has standing to pursue that claim since she has a real interest in obtaining those benefits. Further, the defendant's arguments with respect to each count attack the legal sufficiency of the claims, rather than the plaintiff's standing. Since legal insufficiency is not an appropriate ground for a motion to dismiss and the plaintiff has standing to raise her claims, the motion to dismiss is denied.
MAIOCCO, J. CT Page 8384