[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE
The defendant, Ross Robert, Inc., moves to strike the first, second, fourth, fifth, sixth and seventh counts of the plaintiff's revised complaint dated May 17, 1996. The motion is granted.
The first and second counts allege that the plaintiff suffered damages as a result of the defendant's wrongful conduct. Damages caused by such wrongful conduct are redressable under the Workers' Compensation Act. See General Statutes § 31-300;Coollick v. Windham, 7 Conn. App. 142, 148, 508 A.2d 46 (1986). Since the claims arise from an injury suffered in the course of employment, the plaintiff's exclusive remedy for such damages is the Workers' Compensation Act. General Statutes § 31-284;Coollick v. Windham, supra.
The fourth count attempts to allege a cause of action under General Statutes § 31-290a. An element to a cause of action under § 31-290a is that the employer discharged or discriminated against the employee because the employee exercised his or her rights under the Workers' Compensation Act. General Statutes § 31-290a; see also Erisoty v. Merrow Machine Co.,34 Conn. App. 708, 711, 643 A.2d 898 (1994) (discussing what a plaintiff must prove at trial). The fourth count fails to allege facts to support a claim that the defendant discriminated against the plaintiff because the plaintiff filed a workers' compensation claim. See General Statutes § 31-290a. The plaintiff's conclusory allegation in paragraph 21, and the other facts alleged in count four, are insufficient to state a cause of action under § 31-290a.
The fifth count attempts to set forth a claim for unintentional infliction of emotional distress. See Kilduff v.Adams, Inc., 219 Conn. 314, 325, 593 A.2d 478 (1991). The fifth count fails to allege facts that would prove that "`the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it CT Page 6464 were caused, might result in illness or bodily harm.'" Id.
The sixth count attempts to allege a claim for intentional infliction of emotional distress. The sixth count fails to allege any facts to support a claim that the defendant engaged in conduct that can be characterized as extreme and outrageous. SeeDeLaurentis v. New Haven, 220 Conn. 225, 267, 597 A.2d 807 (1991) (extreme and outrageous conduct is conduct exceeding all bounds usually tolerated by a decent society).
The seventh count alleges that the defendant's conduct constitutes a violation of CUTPA. See General Statutes §42-110a, et seq. The facts alleged do not support such a claim. See Quimby v. Kimberly Clark Corp., 28 Conn. App. 660,613 A.2d 838 (1992).
For the reasons stated, the motion to strike is granted.
SO ORDERED:
DAVID SKOLNICK, JUDGE