[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The facts relevant to resolution of the motion to dismiss are largely undisputed. This negligence action arises from an automobile accident that took place in the parking lot of the Mohegan Sun Casino, located on Mohegan tribal land, on the morning of October 15, 1996. The plaintiff brought this negligence action against the driver of a car that allegedly broadsided the security vehicle in which he was a passenger. Pursuant to his duties as a Mohegan Sun Resort employee, a security officer was driving the plaintiff, who is not an Indian, around the parking lot in search of the plaintiff's car. The defendant, also not an Indian, was involved in a collision with the vehicle of the security officer while this search was ongoing. The original defendant, Paul Branco, brought an apportionment complaint, dated October 1, 1997, against the driver of the security vehicle, Jason Mayo, and First Fidelity Leasing. The plaintiff was allowed to "cite in" Paul Mayo and First Fidelity Leasing in an amended complaint dated January 8, 1998. The apportionment defendants filed this motion to dismiss, dated August 14, 1998, on the grounds of the lack of subject matter jurisdiction and tribal sovereign immunity.
 II
"A motion to dismiss . . . properly attacks the jurisdiction CT Page 1092 of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurlucci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . [and] shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." (Internal quotation marks omitted.) Sadloski v. Manchester,235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995). "As we have stated many times before, the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Amore v. Frankel, 228 Conn. 358, 364,636 A.2d 786 (1994).
The apportionment defendants contend that this court is deprived of subject matter jurisdiction because the incident took-place on Mohegan sovereign land. They claim that the tribe's Gaming Disputes Court has jurisdiction over the claim. Any attempt by this court to exercise jurisdiction over the case would, therefore, interfere with the right of the Indians to govern themselves. The plaintiff responds to these claims by pointing out that the accident involved only non-Indians and that no action is pending in the Gaming Disputes Court.
The law of tribal sovereignty is based upon the policy of encouraging tribal self-government. See Iowa Mutual Ins. Co. v.LaPlante, 480 U.S. 9, 14, 107 S.Ct. 971, 94 L.Ed.2d 10 (1986). "When on-reservation conduct involving only Indians is at issue, state law is generally inapplicable, for the [s]tate's regulatory interest is likely to be minimal and the federal interest in encouraging tribal self-government is at its strongest . . . More difficult questions arise where, as here, a [s]tate asserts authority over the conduct of non-Indians engaging on activity on the reservation." (Citations omitted.) White Mountain ApacheTribe v. Bracker, 448 U.S. 136, 144, 100 S.Ct. 2578,65 L.Ed.2d 665 (1979). The United States Supreme Court has explained that considerations of comity, tribal self-government and self-determination require tribal remedies to be exhausted before the issue of a tribal court's jurisdiction is brought before a federal court. Iowa Mutual Ins. Co. v. LaPlante, supra,480 U.S. 15-16. CT Page 1093
The Connecticut Supreme Court has explained that in determining whether a trial court heard a case improperly the question is whether the court actually interfered with the exercise of tribal sovereignty. See State v. Sebastian,243 Conn. 115, 160, 701 A.2d 13, cert. denied, 118 S.Ct. 856,139 L.Ed.2d 756 (1997);Golden Hill Paugussett Tribe of Indians v. Southbury,231 Conn. 563, 576, 651 A.2d 1246 (1995). "If state-court jurisdiction over Indians or activities on Indian lands would interfere with tribal sovereignty and self-government, the state courts are generally divested of jurisdiction as a matter of federal law." Iowa Mutual Ins. Co. v. LaPlante, supra,480 U.S. 15. "Any action by a state court that infringed on tribal sovereignty or interfered in tribal self-government would therefore be improper." State v. Sebastian, supra, 243 Conn. 159.
The apportionment defendants argue that the fact that the tribal court could assert jurisdiction removes jurisdiction from the Superior Court. A state court must allow a tribal court to initially respond to an attack on its own jurisdiction. See IowaMutual Ins. Co. v. LaPlante, supra, 480 U.S. 16-17; NationalFarmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845,856-57, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985); Drumm v. Brown,245 Conn. 657, 666-67, 716 A.2d 50 (1998). In Drumm v. Brown, the Connecticut Supreme Court explained that the decisions of the United States Supreme Court in Iowa Mutual Ins. Co. v. LaPlante
and National Farmers Union Ins. Cos. v. Crow Tribe of Indians do not require similar exhaustion of tribal court remedies when there is no action pending in a tribal court. See Drumm v. Brown, supra, 245 Conn. 684-88.
In Drumm v. Brown, the court looked to a number of factors in finding that the Superior Court need not abstain from hearing a case absent a pending parallel proceeding in a tribal court. The court looked to the explanation of the United States Supreme Court that Iowa Mutual Ins. Co. v. LaPlante and National FarmersUnion Ins. Cos. v. Crow Tribe of Indians stated an exhaustion rule designed to allow tribal courts the opportunity to respond to attacks on their jurisdiction. Id., 686, citing Strate v. A-1Contractors, 117 S.Ct. 1404, 1410, 137 L.Ed.2d 661 (1997). The Connecticut Supreme Court explained that policy considerations underlying tribal sovereignty, such as supporting tribal self-government, combined with the efficient administration of justice and allowing a plaintiff to select his forum, support this understanding of the exhaustion requirement. See Drumm v. Brown, CT Page 1094 supra, 245 Conn. 686-88. The court concluded that "abstention is not required in the absence of a parallel pending proceeding in a tribal forum." Id., 677 n. 7; see also Golden Hill PaugussettTribe of Indians v. Southbury, supra, 231 Conn. 576 (stating that if court's jurisdiction is compatible with tribal autonomy then court may be required to hear case). Furthermore, "the exhaustion of tribal remedies doctrine is not jurisdictional and, therefore, does not mandate dismissal." Drumm v. Brown, supra,245 Conn. 676-77.
Here, none of the parties to the negligence action are tribe members. Although a pending action in the Gaming Disputes Court may have required the Superior Court to stay the action until that tribal court had reviewed its jurisdiction; see id., 690; there is no evidence that an action based on the underlying automobile accident is pending in the Gaming Disputes Court. In light of the Connecticut Supreme Court's recent holding in Drummv. Brown, it is concluded that the Superior Court has subject matter jurisdiction over this negligence claim.
The apportionment defendants argue that they are immune from suit in state court due to tribal sovereign immunity. The defendant, Jason Mayo, contends that he is immune from suit in the Superior Court because he was acting as an agent of the tribe as a security officer at the time of the accident. The defendant, First Fidelity Leasing, claims sovereign immunity due to the fact that the Mohegan Sun Casino leased the vehicle involved in the accident.
"Tribal immunity is . . . sovereign immunity which attaches to a tribe because of its status as a dependent domestic nation." United States v. James. 980 F.2d 1314, 1319 (9th Cir. 1992), cert. denied, 510 U.S. 838, 114 S.Ct. 119, 126 L.Ed.2d 84
(1993). The United States Supreme Court has established that Indian tribes are immune from suit absent a waiver by the tribe or an abrogation of immunity by the United States Congress. Seeid. "Absent an effective waiver or consent, it is settled that a state court may not exercise jurisdiction over a recognized Indian tribe." Puyallup Tribe, Inc. v. Department of Game ofWashington, 433 U.S. 165, 172, 97 S.Ct. 2616, 53 L.Ed.2d 667
(1977). In Connecticut, tribal immunity is granted if there is a distinct ethnic or cultural group, functioning self-government or demonstrable sovereignty and the state act in question actually infringes on tribal self-government. See Shagticoke Indians ofKent, Connecticut, Inc. v. Potter, 217 Conn. 612, 629, CT Page 1095587 A.2d 139 (1991).
A mere relationship with an Indian tribe does not necessarily grant a party the right to assert sovereign immunity. The United States Supreme Court has "never held that individual agents or officers of a tribe are not liable for damages in actions brought by the [s]tate." Oklahoma Tax Commission v. Citizen Band ofPotawatomi Indian Tribe of Oklahoma, 498 U.S. 505, 514,111 S.Ct. 905, 112 L.Ed.2d 1112 (1990). In a case where a tribe appeared on behalf of its members, the federal district court did not lose jurisdiction over the individual tribe members due to the immunity of the tribe itself. See Puyallup Tribe, Inc. v.Department of Game of Washington, supra, 433 U.S. 173. The Connecticut Supreme Court has held that "tribal sovereign immunity does not extend to individual members of a tribe, and instead must be asserted by the tribe itself." State v.Sebastian, supra, 243 Conn. 161, citing Puyallup Tribe, Inc. v.Department of Game of Washington, supra, 433 U.S. 173. In Statev. Sebastian, the court explained that even a tribal vice-chairman may not be able to assert sovereign immunity. See State v. Sebastian, supra, 243 Conn. 161. The law does not support assertions of sovereign immunity by members of a tribe or nonmember Connecticut corporations with ties to Indian tribes. See Cuprak v. Sun International Hotels, Ltd., Superior Court, judicial district of New London at Norwich, Docket No. 112045 (October 9, 1997) (Handy, J.) (20 CONN. L. RPTR. 625).
Here, the apportionment defendants assert sovereign immunity due to an employment relationship on the one hand and a contractual relationship on the other. If tribal members, tribal officers, agents of tribes, and nonmember corporations cannot assert sovereign immunity, then a non-Indian employee of the tribe and a leasing company with a contractual relationship with the tribe cannot assert sovereign immunity. Furthermore, the court's decision in State v. Sebastian, supra, 243 Conn. 161, requires an assertion of immunity by the tribe itself, and the Mohegan Indian Tribe has not asserted immunity as it is not a party to this action.
Accordingly, the apportionment defendants' motion to dismiss is denied.
Stengel, J.