[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants have filed a motion to strike counts two and three of the complaint claiming that the plaintiff has failed to state causes of action for a violation of the Connecticut Fair Employment Practices Act, and intentional infliction of emotional CT Page 10630 distress respectively. The court concludes that count two of the complaint is legally insufficient because the plaintiff has failed to allege either that he exhausted all administrative remedies or that he had legally sufficient reasons for not doing so. In addition, the court strikes count three of the complaint because the conduct alleged against the defendants is not extreme and outrageous.
According to the allegations in the complaint, from July 1992 to late 1995, the plaintiff, Samuel E. Dixon, was employed by the defendants, Yale University and the Yale Center for British Art, as a security attendant. Prior to his employment with the defendants, the plaintiff had been employed as a New Haven police officer for seven years and an investigator for the New Haven Welfare Department for three years. In the spring of 1995, the plaintiff expressed an interest in a full-time security position with the defendants. Two weeks later, the defendants hired a man under the age of forty with no prior security experience. In July 1995, the plaintiff informed the defendants that he wished to be considered for the next full-time security position opening. In September 1995, the defendants hired another individual under the age of forty for a full-time security position. This individual also had less security experience than the plaintiff. The defendants terminated the plaintiff in late 1995.
The plaintiff subsequently filed this lawsuit, claiming age discrimination in violation of federal and state law, and intentional infliction of emotional distress. The defendants have filed a motion to strike counts two and three.
 I
The defendants argue that count two of the complaint fails to allege that the plaintiff satisfied the administrative prerequisites necessary in order for this court to have subject matter jurisdiction over the present action. The plaintiff counters that it was unnecessary for him to exhaust any administrative remedies because he seeks punitive damages, costs and attorneys' fees, remedies unavailable from the Connecticut Commission on Human Rights and Opportunities (CHRO). The defendants insist that the damages recoverable by the plaintiff are no greater than those that he could recover from the CHRO.
The Connecticut Supreme Court has stated: "The doctrine of exhaustion is grounded in a policy of fostering an orderly CT Page 10631 process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions. . . . The doctrine of exhaustion furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review.
"Despite the important public policy considerations underlying the exhaustion requirement, we have grudgingly carved several exceptions from the exhaustion doctrine. . . . We have recognized such exceptions, however, only infrequently and only for narrowly defined purposes. . . . One of the limited exceptions to the exhaustion rule arises when recourse to the administrative remedy would be demonstrably futile or inadequate. . . . An administrative remedy is futile or inadequate if the agency is without the authority to grant the requested relief. . . ." (Citations omitted; internal quotation marks omitted.) Mendillo v. Board of Education, 246 Conn. 456,466-67, 717 A.2d 1177 (1998). If an exception to the exhaustion requirement does not apply," [f]ailure to exhaust grievance and arbitration procedures deprives the court of subject matter jurisdiction." Hunt v. Prior, 236 Conn. 421, 431, 673 A.2d 514
(1996)
"In deciding the jurisdictional issue of whether the plaintiff exhausted [his] administrative remedies, we are limited to the well pleaded facts of the plaintiffs' complaint. . . . The plaintiff ha[s] not alleged that [he] exhausted [his] administrative remedies, or, in the alternative, that [he] need not have exhausted those remedies because they fit into an exception to the doctrine. . . ." Caltabiano v. Phillips,23 Conn. App. 258, 264, 580 A.2d 67 (1990).[1] For this reason, the motion to strike count two is granted.
 II
The plaintiff alleges in count three that the defendants intentionally inflicted emotional distress upon him by failing to hire him for a full-time security position, and, instead, hiring individuals with no security experience. The defendant argues that the plaintiff has failed to allege facts that constitute extreme and outrageous conduct, an element necessary to such a cause of action. The plaintiff responds that he has alleged sufficient facts to withstand a motion to strike since the defendants' conduct was "extreme and outrageous." CT Page 10632
In order for the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that emotional distress sustained by the plaintiff was severe.' (Internal quotation marks omitted.) Petyanv. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986). Appelton v.Board of Education, 53 Conn. App. 252, 265, 730 A.2d 88, cert. granted, 249 Conn. 927, --- A.2d --- (1999). These elements must be expressly alleged or necessarily implied from other allegations in the complaint. Lamb v. Burns, 202 Conn. 158, 172,520 A.2d 190 (1987). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) DeLaurentis v.New Haven, 220 Conn. 225, 267, 597 A.2d 807 (1991)." ` [L]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'Kintner v. Nidec-Torin Corp., 652 F. Sup. 112 (D. Conn. 1987). "Mere insult, indignities, or annoyances that are not extreme and outrageous will not suffice.' Brown v. Ellis, 40 Conn. Sup. 165,167, 484 A.2d 944 (1984)." Henderson v. Hoban, Superior Court, judicial district of New Haven, Docket No. 391352 (July 10, 1998). "Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy [any] of these elements is a question, in the first instance, for the court. Only where reasonable minds could differ does it become an issue for the jury." Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17,18, 597 A.2d 846 (1991).
The plaintiff has alleged that the defendants failed to offer him a full-time security position because of his age. The complaint only indicates that the defendants hired individuals who are younger and less qualified than him. While discrimination in employment on the basis of age is tortious, the plaintiff has failed to allege any conduct that is extreme or outrageous. In attempting to state a cause of action for intentional infliction of emotional distress," ` [i]t has not been enough that the CT Page 10633 defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.'" Hiers v. Cohen,31 Conn. Sup. 305, 308, 329 A.2d 609 (1973), quoting Restatement (Second), Torts, § 46 comment (d)
In a recent case, the United States District Court for the District of Connecticut, interpreting Connecticut law, held that the failure to grant a leave of absence to a cancer patient who needed treatment and the failure to rehire that patient after the completion of the treatment did not exceed "all bounds usually tolerated by decent society.'" Reed v. Signode Corp., 652 F. Sup. 129,137 (D. Conn. 1985), quoting Petyan v. Ellis, supra,200 Conn. 254 n. 5. Here, too, the plaintiff has not plead facts that demonstrate outrageous conduct toward him. Indeed, the plaintiff has pleaded facts that are less egregious than the facts documented in Reed.
The court holds that the plaintiff has failed to allege severe and outrageous conduct on the part of the defendants. The defendants' motion to strike is granted.
BY THE COURT
Bruce L. Levin Judge of the Superior Court