[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The present action arises from injuries allegedly sustained by the plaintiff, Peter Lupkus as a result of a fall on an escalator at the Mohegan Sun Casino in Uncasville, Connecticut. The action was commenced against the defendant, Otis Elevator Co., by service of process on August 30, 1999. The two count complaint alleges products liability and negligence respectively. The plaintiff alleges the escalator was defectively manufactured, constructed, designed, assembled, installed and tested. The complaint alleges that on August 31, 1998, the plaintiff was riding up the escalator when it suddenly stopped, throwing the plaintiff forward on to the escalator causing him to sustain personal injuries.
The defendant filed the present motion to dismiss on the ground that the plaintiff has failed to exhaust his remedies before the Gaming Disputes Trial Court of the Mohegan Tribe of Indians of Connecticut (tribal court), as required under Connecticut and tribal law. CT Page 4121
In support of its motion, the defendant attached a copy of the civil summons and complaint (Exhibit A) filed by the plaintiff on February 27, 1998, against the Mohegan Tribal Gaming Authority in the tribal court. The defendant has also attached a copy of the judgment of dismissal (Exhibit B) where the tribal court,Freeman, C.J., dismissed the action on January 5, 1999 for failure to prosecute with reasonable diligence.
The plaintiff filed a timely objection to the defendant's motion to dismiss on the ground that he filed an action against the Mohegan Sun Casino only, which was dismissed through the dormancy program in the tribal court and therefore the present action is the only pending case at bar.
DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) Johnson v. Dept. of PublicHealth, 48 Conn. App. 102, 108, 710 A.2d 176 (1998); see alsoUpson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The grounds which may be asserted in [a motion to dismiss] are [inter alia]: (1) lack of jurisdiction over the subject matter; [and] (2) lack of jurisdiction over the person . . . Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985), citing Practice Book § 10-31.
"A ruling on a motion to dismiss is neither a ruling on the merits of the action; Amore v. Frankel, 29 Conn. App. 565,570-71, 616 A.2d 1152 (1992), cert. granted, 225 Conn. 904,621 A.2d 286 (1993); nor a test of whether the complaint states a cause of action. Pratt v. Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993); see Practice Book [§ 10-31]. [Rather,] [m]otions to dismiss are granted solely on jurisdictional grounds. Caltabiano v. Phillips, 23 Conn. App. 258, 265,580 A.2d 67 (1990); see Practice Book [§ 10-31.]" Discover Leasing,Inc. v. Murphy 33 Conn. App. 303, 306-07, 635 A.2d 843 (1993). "It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily CT Page 4122 implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.)Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999).
The defendant argues that the plaintiff, who filed an action against the Mohegan Tribal Gaming Authority that arises out of the same alleged incident, was required to exhaust his tribal remedies before commencing the present action in Superior Court. The defendant argues that this court is therefore deprived of subject matter jurisdiction and the action should be dismissed. The plaintiff argues that no parallel action was ever filed because the plaintiff filed only against the Mohegan Sun Casino and not the defendant Otis Elevator, Co. The plaintiff further argues that the action filed in tribal court is no longer pending because it was dismissed by dormancy.
The exhaustion of tribal remedies doctrine arises from NationalFarmers Union Co. v. Crow Tribe of Indians, 471, U.S. 845, 105 5. Ct. 2447, 85 L.Ed.2d 818 (1985), and Iowa Mutual Ins. Co. v.LaPlante, 480 U.S. 9, 107 5. Ct. 971, 94 L.Ed.2d 10 (1987), where the United States Supreme Court held that exhaustion is required as a matter of comity and requires that federal courts cannot exercise . . . jurisdiction until the tribal judicial system . . . complete[s] adjudication, through the highest appellate level available in that system, regarding the issue of the tribal court's jurisdiction." Drumm v. Brown, 245 Conn. 657,669, 716 A.2d 50(1998), citing Iowa Mutual Ins. Co. v. LaPlante,
supra 480 U.S. 19.
"The [exhaustion] doctrine is not jurisdictional; that is, it does not go to, affect, or depend directly upon, the jurisdiction of either the tribal or the nontribal court." Drumm v. Brown,
supra, 245 Conn. 674-75. "[T]he courts of this state must apply the exhaustion of the tribal remedies doctrine." Id., 679. However "unless and until the jurisdiction of the tribal court has been invoked through the initiation of parallel proceedings in that forum, the exhaustion rule is inapplicable." Id., 686. "[E]xhaustion is not required in the absence of a pending action in the tribal court." Id., 684.
Superior Court decisions applying the exhaustion of tribal remedies doctrine have denied motions to dismiss on the ground that no action was pending before the tribal court. See Conroy v.Foxwoods Casino Dealer's Toke Committee, Superior Court, judicial CT Page 4123 district of New London at Norwich, Docket No. 114947 (March 8, 1999, Hurley, J.) (24 Conn. L. Rptr. 169); Skowronski v. Branco,
Superior Court, judicial district of Hartford at Hartford, Docket No. 572512 (February 1, 1999, Stengel, J.) (23 Conn. L. Rptr. 696).
In the present case, although the plaintiff filed a prior action in the tribal court, the defendant Otis Elevator Co. was not a party to the action and the plaintiff therefore did not invoke the tribal court's jurisdiction over the present litigation. Even if the tribal court's jurisdiction had been invoked, the case was dismissed for failure to prosecute with reasonable diligence. Because there is no pending action before a tribal court, the exhaustion doctrine is inapplicable to the present case. Accordingly, under the holding of Drumm v. Brown,
supra, 245 Conn. 656, the defendant's motion to dismiss should be and is hereby denied.
Joseph W. Doherty, Judge.