[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS
This is a negligence action filed on December 27, 1999 by the plaintiff Luis Serrano for money damages and other relief for injuries and losses his allegedly sustained in an automobile collision.
The defendants, Mary Zwanch and Ford Motor Credit Company, have moved this court to dismiss this action due to lack of requisite jurisdiction for the reason that the writ of summons and complaint were not properly returned to court.
The complaint alleges that Zwanch was the operator of a leased 1997 Ford automobile owned by Ford. The complaint alleges that Ford is liable pursuant to General Statutes § 14-154a for any damage to any person or property caused by the operation of a leased automobile to the same extent as the operator would have been liable if the operator was also the owner. CT Page 6809
The complaint alleges that on September 7, 1997, the plaintiff, Luis O. Serrano, was operating his 1989 Chevrolet automobile with his wife, Maritza Serrano, traveling in the parking lot of the Stop Shop grocery store located at 410 Reidville Drive, Waterbury, Connecticut. The complaint alleges that Zwanch backed her motor vehicle into the front of the plaintiffs' vehicle. The complaint alleges that as a result of the collision, the plaintiffs suffered severe and permanent injuries.
The complaint alleges that the action was commenced within the time limited by law on August 11, 1999, but because of the default or neglect of the officer to whom it was committed, the action failed to be tried on its merits. Specifically, the original writ, summons and complaint were never returned to the clerk of the court. The plaintiffs, therefore, bring the present action pursuant to General Statutes § 52-592, the accidental failure of suit statute, for the same cause set forth in the original action.
The defendants move to dismiss the entire complaint on the ground that the court has no jurisdiction over this matter because the original action was never commenced within the time limited by law and the accidental failure of suit statute does not apply to this action. The plaintiffs timely filed an objection on the ground that the General Statutes § 52-592 applies to remedy the failure of the sheriff to return the action to the court.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The grounds which may be asserted in [a motion to dismiss] are [inter alia]: (1) lack of jurisdiction over the subject matter; [and] (2) lack of jurisdiction over the person. . . ." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book §10-31. "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." Malasky v. Metal Products Corp.,44 Conn. App. 446, 451-52, 689 A.2d 1145, cert. denied, 241 Conn. 906,695 A.2d 539 (1997).
"A ruling on a motion to dismiss is neither a ruling on the merits of the action; Amore v. Frankel, 29 Conn. App. 565, 570-71, 616 A.2d 1152
(1992), cert. granted, 225 Conn. 904, 621 A.2d 286 (1993); nor a test of whether the complaint states a cause of action. Pratt v. Old Saybrook,225 Conn. 177, 185, 621 A.2d 1322 (1993); see Practice Book [§ CT Page 681010-31]. [Rather,] [m]otions to dismiss are granted solely on jurisdictional grounds. Caltabiano v. Phillips, 23 Conn. App. 258, 265,580 A.2d 67 (1990); see Practice Book [§ 10-31.]" Discover Leasing,Inc. v. Murphy, 33 Conn. App. 303, 306-07, 635 A.2d 843 (1993). "It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford,247 Conn. 407, 410, 722 A.2d 271 (1999).
The defendants state in their memorandum of law that on August 28, 1999, they received service of the plaintiffs' complaint dated August 11, 1999. The defendants concede that they received timely service of the original complaint, however, the plaintiffs failed to return the action to court. Thus, the defendants argue that because the action was never filed with the court, the original action was never "commenced" within the meaning of General Statutes §§ 52-46a, 52-48 (b) or 52-584 and cannot be saved by General Statutes § 52-592. The defendants argue that an action is not commenced, unless the complaint is served on upon the parties and returned to the clerk of the court at least six days before the return date.
The plaintiffs argue that the original action dated August 11, 1999 was commenced upon service on the defendants on August 28, 1999. The plaintiffs concede that the original writ, summons and complaint were never returned to the court by the sheriff. The plaintiffs argue that because the original writ, summons and complaint were served within the applicable statute of limitations, the action was commenced in a timely manner and therefore General Statutes § 52-592 applies to save the present action.
General Statutes § 52-592 provides, in relevant part, "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."
"[I]n a long line of cases, we have held that § 52-592 (a) is remedial in nature and, therefore, warrants a broad construction."Ruddock v. Burrowes, 243 Conn. 569, 575 706 A.2d 967 (1998). "Further, [i]t is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court CT Page 6811 . . . [T]he accidental failure of suit statute, permitting a new action to be commenced after the original action has been defeated for any matter of form . . . was designed to ameliorate the harshness of the common law in order for parties to have their cases resolved, not on the basis of the neglect of the lawyer, but rather on the merits." (Citations omitted; internal quotation marks omitted.) Id., 582-83.
The Connecticut appellate courts have not addressed the issue of whether a plaintiff may save an action under General Statutes § 52-592
when the action has not been returned to court. The plaintiffs rely onAhnert v. Tanguay, Superior Court judicial district of Tolland at Rockville, Docket No. 66599 (May 18, 1998, Klaczak, J.) (22 Conn.L.Rptr; 180) for the proposition that the failure to return the action to the court does not deprive the court of jurisdiction under General Statutes § 52-592, because an action is commenced when the defendant is served. In Ahnert, the court found that "[g]iven the intended purpose of the statute the Court does not find the statute in question implies the original action must be returned to court for the cause of action to be protected by § 52-592." Id.
"[A]n action is deemed to have been commenced once it has been served on the defendant." Rana v. Ritacco, 236 Conn. 330, 337-38, 672 A.2d 946
(1996). See also Skaggs v. Cline, Superior Court, judicial district of New London at New London, Docket No. 528122 (July 12, 1995, Hurley, J.) (15 Conn.L.Rptr. 100) ("[u]nder the accidental failure of suit statute, an action is deemed to have been commenced once it has been served on the defendant"). In the present case, since the alleged accident occurred on September 7, 1997, the plaintiffs must have commenced the original action prior to September 7, 1999, in order to meet the two year statute of limitation for negligence actions. See General Statutes § 52-584. The plaintiffs timely commenced the original action because they served the defendants with the original action on August 28, 1999.
The plaintiffs commenced the original action within the meaning of General Statutes § 52-592 and therefore may pursue the present action based on an unavoidable accident or the default or neglect of the officer to whom the action was committed. Accordingly, the defendants' motion to dismiss should be and is hereby denied.
By the Court
Joseph W. Doherty, Judge